EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                                          | |
|-----------------------------------------------------------------|---------------------------|
| Aprobación del Reglamento de Subastas Formales de la Rama Judicial | 2017 TSPR 35<br><br>197 DPR ____ |

Número del Caso: ER-2017-02

Fecha: 10 de marzo de 2017

Materia: Resolución del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Aprobación del Reglamento de    ER-2017-02
Subastas Formales de la Rama
Judicial

RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de marzo de 2017.

Mediante Resolución de 12 de noviembre de 2014, encomendamos al Secretariado de la Conferencia Judicial y Notarial (Secretariado) la redacción de un "borrador de un nuevo reglamento de subastas para la Rama Judicial". In re Reglamento Subastas RJ, 192 DPR 56, 60 (2014). Lo anterior, con el propósito de asegurar una mayor transparencia en los procedimientos, garantizar el uso óptimo de los recursos públicos y fortalecer la confianza que el Pueblo ha depositado en la Rama Judicial. Íd., págs. 60-61. Entre otras cosas, se especificó que el Secretariado debía considerar los señalamientos efectuados por la Oficina del Contralor de Puerto Rico en los Informes de Auditoría DA-12-52 y DA-12-53 y atender lo relacionado con la composición de la Junta de Subastas. En particular, que se contemplara "cambiar la composición de la Junta de Subastas y sustituir al [o a la] representante del Tribunal Supremo por un [o una] representante del interés público [sin] vínculos con la Rama Judicial". Íd., pág. 61.

El 13 de julio de 2015, el Secretariado presentó ante nuestra consideración el *Proyecto de Reglamento de Subastas Formales de la Rama Judicial*. Examinada la propuesta presentada y una vez

incorporadas ciertas enmiendas, adoptamos en el día de hoy un nuevo Reglamento de Subastas Formales de la Rama Judicial, el cual se hace formar parte de esta Resolución. En consecuencia, una vez este entre en vigor, queda derogado el Reglamento de Subastas Formales de Bienes y Servicios de la Rama Judicial, aprobado el 19 de junio de 2003.

Este nuevo cuerpo reglamentario regirá la adquisición de bienes y servicios por parte de la Rama Judicial, ya sea mediante el procedimiento de subasta formal, la compra negociada o la compra en mercado abierto. Además, en conformidad con los objetivos mencionados previamente, se incorpora un nuevo Artículo XV, que contiene la normativa aplicable al arrendamiento de locales a largo plazo para la Rama Judicial. Por tanto, también se deroga el Reglamento para el Arrendamiento de Locales a Largo Plazo para la Rama Judicial, aprobado el 31 de enero de 1997, una vez entre en vigor el nuevo Reglamento.

Por otro lado, en vista de que estos procedimientos están revestidos de un gran interés público, se aumenta a cinco (5) la cantidad de miembros en propiedad de la Junta de Subastas de la Rama Judicial, entre los cuales se incluye un o una representante de la ciudadanía. En lo pertinente, ese representante será seleccionado mediante una convocatoria abierta que se difundirá por diversos medios de comunicación. Esta nueva composición de la Junta de Subastas abonará a la transparencia que debe regir estos procesos e impartirá más confianza del Pueblo en la Rama Judicial.

Confiamos en que la reglamentación que hoy aprobamos constituye una política de sana administración pública que contribuirá a la utilización eficiente de fondos públicos mediante la adquisición por parte de la Rama Judicial de bienes y servicios de alta calidad al mejor costo posible. Con el propósito de permitir la adecuada divulgación de lo aquí dispuesto y de las normas y procedimientos que en virtud de ello se emitan, este Reglamento entrará en vigor a los treinta (30) días de su aprobación, en conformidad con lo dispuesto en su Artículo XXVI.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hace constar la siguiente expresión:

La Jueza Presidenta Oronoz Rodríguez está conforme con la aprobación de este nuevo Reglamento de Subastas Formales de la Rama Judicial. Mediante este cuerpo reglamentario se procura y fomenta la transparencia que, cada vez

con mayor insistencia, exige la ciudadanía. Asimismo, se protege la confianza del Pueblo en nuestra rama de gobierno y se propicia una mejor utilización de fondos públicos.

El Juez Asociado señor Estrella Martínez emitió un Voto Particular de Conformidad al cual se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo y señor Rivera García.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

**REGLAMENTO DE SUBASTAS FORMALES DE LA RAMA JUDICIAL**

**PRIMERA PARTE: NORMAS GENERALES**

**ARTÍCULO I: TÍTULO**

Reglamento de Subastas Formales de la Rama Judicial.

**ARTÍCULO II: BASE JURÍDICA Y PROPÓSITO**

Este Reglamento se adopta en virtud de la Sección 7 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico con el propósito de establecer la normativa que regirá los procesos de subastas formales en la Rama Judicial y de arrendamientos de locales a largo plazo. Debido a que estos procedimientos están revestidos de un gran interés público, es meritorio que la normativa a seguir propicie que la adquisición de los bienes y servicios objeto del mismo sea de la más alta calidad, con la mayor eficiencia administrativa, al menor costo posible y de conformidad con la política gubernamental de sana administración pública, utilidad y austeridad que rige los asuntos fiscales.

**ARTÍCULO III: ALCANCE**

Las disposiciones de este Reglamento regirán los procesos en la Rama Judicial para la compra, el arrendamiento financiero (leasing), el arrendamiento de bienes, el arrendamiento de locales a largo plazo y de servicios personales no profesionales o consultivos mediante subastas formales o compra negociada.

**ARTÍCULO IV: DEFINICIÓN DE TÉRMINOS**

Para propósitos de este Reglamento, los siguientes términos tendrán el significado que a continuación se explica, a menos que del contexto se entienda claramente otro significado. Además, las voces usadas en este Reglamento en el tiempo presente incluyen el futuro; el número singular incluye el plural y el plural al singular.

1. Adjudicación -- Proceso mediante el cual se evalúan las ofertas recibidas en contestación a una invitación a subasta formal o requerimiento de propuestas para otorgar la buena pro al postor que corresponda, según los criterios establecidos en este Reglamento.

2. Adquisición -- Conjunto de mecanismos disponibles para la obtención de una cosa.

3. Arrendamiento financiero (leasing) -- El financiamiento del uso y disfrute de un bien a cambio del pago de cuotas periódicas acordado mediante un contrato con un término definido, que puede ser con opción a compra o solamente para uso o disfrute del bien.

4. Bien mueble -- Aquel susceptible de moverse por sí o por otra fuerza o persona, que se puede usar repetidamente sin cambiar de naturaleza o sufrir algún deterioro. Incluye el equipo y mobiliario y el conjunto de suministros, herramientas menores, piezas y objetos necesarios para el desempeño de un servicio o para la realización de una obra, aun cuando al usarse pueden cambiar de naturaleza o consumirse.

5. Comité técnico -- Grupo de personas seleccionado por el Director Administrativo o la Directora Administrativa de los Tribunales para asesorar en una materia especializada o técnica para la compra, el arrendamiento o el arrendamiento financiero (leasing) de bienes especializados o de naturaleza poco común.

6. Compra -- Forma de adquisición mediante la cual una parte, el vendedor o la vendedora, se obliga a entregar unos bienes determinados y la otra parte, el comprador o la compradora, se obliga a pagar por ellos un precio en dinero o valores de intercambio que lo represente. Significa también todas las necesidades afines agrupadas que deban adquirirse por cualquier medio en una misma transacción o momento, por tener un mismo propósito, suplidores o suplidoras comunes o que así convenga al interés público.

7. Compra en mercado abierto -- Procedimiento de excepción para la compra de bienes o servicios personales si se cumplen con los requisitos establecidos en este Reglamento.

8. Compra negociada – Mecanismo de adquisición en las siguientes circunstancias: (a) para bienes o servicios personales altamente sofisticados, especializados o complejos; (b) para arrendamiento de locales; (c) cuando existan escasas suplidoras o escasos suplidores; o (d) cuando, luego de la celebración de una subasta formal, los precios cotizados resulten irrazonablemente altos o los términos de las ofertas presentadas sean onerosos para la Rama Judicial. Puede incluir un requerimiento de información, precualificación de suplidores o suplidoras, requerimiento de propuestas o negociaciones de la compra.

9. Comprador o compradora -- Cualquier persona autorizada por el Director Administrativo o la Directora Administrativa de los Tribunales a comprar en

representación de la Rama Judicial a quien se le haya expedido un nombramiento como Especialista en Compras o Agente Comprador o Compradora, o se le haya designado como Delegado Comprador o Delegada Compradora.

10. Contrato -- Pacto o convenio escrito entre partes para adquirir bienes o servicios.

11. Director Administrativo o Directora Administrativa -- Director Administrativo o Directora Administrativa de los Tribunales.

12. División de Compras -- División de Compras adscrita al Área de Asuntos Fiscales de la Oficina de Administración de los Tribunales.

13. Emergencia -- Toda situación que ocasione necesidades inesperadas, imprevistas, urgentes e inaplazables en la Rama Judicial y que requiera acción inmediata de parte del Director Administrativo o de la Directora Administrativa, del Juez Administrador o de la Jueza Administradora del Tribunal de Apelaciones, de un Juez Administrador o de una Jueza Administradora Regional, de un Director o de una Directora de las directorías de la Oficina de Administración de los Tribunales, del Director o de la Directora del Negociado de Asuntos Administrativos del Tribunal Supremo, del Director o de la Directora de Servicios Administrativos del Tribunal de Apelaciones o de un Director Ejecutivo o de una Directora Ejecutiva Regional, por estar en peligro la vida, la salud o la seguridad de sus empleados y empleadas; por estar en peligro de suspenderse o afectarse el servicio público o dañarse o perderse la propiedad y/o la inversión de fondos de la Rama Judicial, y que cualquiera de estas situaciones afecte adversamente los mejores intereses de la Rama Judicial.

14. Especificaciones -- Conjunto de las características primordiales propias de los bienes o servicios señaladas como referencia para cada partida de una subasta formal o compra negociada, así como las características físicas, funcionales, estéticas y de calidad con que se describe el tipo de bienes que se requiere, y el conjunto de estipulaciones sobre el método de instalación, ensamblaje o acoplamiento.

15. Excesivo -- Costo propuesto que excede el precio normalmente cotizado en el mercado en el momento de una compra o que sea mayor que el de un producto sustituto más económico que pueda servir para el mismo fin, con igual resultado o efectividad.

16. Fianza de ejecución -- Garantía que se requiere para asegurar el cumplimiento de la ejecución de un contrato u orden de compra.

17. Fianza de licitación -- Garantía que se requiere a los licitadores y las licitadoras para asegurar la oferta o propuesta presentada durante todo el procedimiento de la subasta formal o compra negociada.

18. Invitación -- Anuncio o escrito por medio del cual se cita o invita a varias personas o empresas para que concurran a un lugar o acto determinado.

19. Junta o Junta de Subastas -- Junta de Subastas de la Rama Judicial.

20. Largo plazo -- El término mayor de cinco (5) años de un contrato de arrendamiento de locales formalizado conforme a este Reglamento.

21. Libro de registro de asistencia -- Libro que contiene el registro oficial de las personas que asisten a un acto de apertura o reunión presubasta de una subasta formal.

22. Licitador o licitadora -- Persona natural o jurídica que ofrece cotizaciones por un bien o servicio personal en una subasta formal.

23. Licitación -- Oferta de precios y condiciones por un bien o grupo de bienes, o servicio personal no profesional presentada por un licitador o licitadora en respuesta a un pliego de subasta formal.

24. Local o locales -- Todo tipo de espacio físico apto para uso oficial de la Rama Judicial como oficinas, salones de sesiones, áreas de apoyo a la función judicial y otras dependencias de la Rama Judicial para propósitos relacionados.

25. Negociación -- Proceso mediante el cual dos o más partes buscan llegar a un acuerdo, defendiendo cada una sus intereses.

26. Oficina de Administración y Conservación de Locales -- Oficina de Administración y Conservación de Locales de la Oficina de Administración de los Tribunales.

27. Oficina o directoría peticionaria -- Oficina o dependencia del Tribunal Supremo, Tribunal de Apelaciones, Tribunal de Primera Instancia u Oficina de Administración de los Tribunales (OAT), incluyendo a la Junta de Personal de la Rama Judicial.

28. Orden de compra -- Documento oficial que se emite a un suplidor o suplidora para adquirir bienes o servicios personales.

29. Organismo gubernamental -- Cualquier departamento, agencia, negociado, oficina, instrumentalidad, corporación pública o subdivisión política del Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo sus municipios.

30. Partidas -- Enumeración de especificaciones identificadas como parte de un pliego de subasta formal o requerimiento de propuestas, en las cuales se requieren bienes iguales o de naturaleza similar; o servicios personales no profesionales.

31. Pliego de subasta -- Conjunto de documentos compuesto de la invitación a subasta formal, las especificaciones de los bienes o servicios solicitados, los términos, las condiciones y las instrucciones de cómo presentar una licitación u oferta.

32. Precualificación de suplidores o suplidoras -- Mecanismo que permite conocer si existen suplidores cualificados o suplidoras cualificadas en el mercado que puedan proveer el bien que se interesa. Puede utilizarse como una etapa previa a la adquisición de bienes especializados, sofisticados y complejos.

33. Preferencia -- Porcentaje de preferencia que concede la Junta de Inversión en la Industria Puertorriqueña a los artículos distribuidos, envasados, ensamblados o manufacturados en Puerto Rico, incluyendo servicios rendidos en Puerto Rico, según establece la Ley 14-2004, según enmendada, conocida como Ley para la Inversión en la Industria Puertorriqueña, o cualquier ley posterior que la sustituya. Dicha preferencia se tomará en consideración en la evaluación para la adjudicación de las subastas formales.

34. Propiedad -- Véase definición de bien mueble.

35. Registro de suplidores -- Suplidores, suplidoras o empresas comerciales, clasificados de acuerdo con el producto que ofrecen o licitan para la Rama Judicial.

36. Requerimiento de información -- Mecanismo que permite conocer si existen suplidores o suplidoras que puedan ofrecer algún bien o servicio particular o que contribuye a la planificación, estimación de precios y capacidades o determinación de las maneras en las que se puede brindar un servicio requerido.

37. Requerimiento de propuestas -- Mecanismo de compra negociada que permite informar a potenciales suplidores y suplidoras sobre los requisitos y las necesidades de adquisición de la Rama Judicial y solicitar propuestas dirigidas a negociar la adquisición de bienes.

38. Servicios personales -- Todo trabajo o servicio no profesional o consultivo que realiza una persona o entidad por una retribución, compensación o pago. Entre otros, podría incluir aquella labor ofrecida por personas naturales o jurídicas a quienes se les requiere poseer un título o una licencia que lo acredite, pero cuya labor no se encuentra comprendida en la definición de servicio profesional o consultivo, como es el caso de técnicos, maestros, oficiales plomeros y peritos electricistas. También incluye los servicios no profesionales de personas no diestras autorizadas para ejecutar una función a quienes se les puede requerir también una licencia.

39. Servicios profesionales o consultivos -- Servicios rendidos por una persona natural o jurídica cuya prestación principal consista del producto de la labor intelectual, creativa o artística, o en el manejo de destrezas altamente técnicas o especializadas.

40. Sofisticado -- Bienes especializados, complejos o avanzados que requieran una instalación especial o unas destrezas fuera de lo común para su uso. Por ejemplo, el equipo tecnológico altamente complejo, las redes de comunicación, entre otras.

41. Subasta formal -- Procedimiento mediante el cual se solicitan ofertas para adquisiciones de bienes o servicios personales que sean de veinticinco mil dólares ($25,000) o más, cuya adjudicación efectúa la Junta de Subastas de la Rama Judicial. Además, cuando así se determine según lo dispuesto por este Reglamento, será el procedimiento para adjudicar el arrendamiento de locales a largo plazo.

**SEGUNDA PARTE: CREACIÓN Y ORGANIZACIÓN DE LA JUNTA DE SUBASTAS**

**ARTÍCULO V: COMPOSICIÓN DE LA JUNTA DE SUBASTAS**

A. La Junta estará compuesta por cinco miembros en propiedad, más dos miembros alternos. Al menos uno de los o una de las miembros en propiedad será un abogado o una abogada con autorización para ejercer la profesión por el Tribunal Supremo de Puerto Rico y otro u otra será un o una representante de la ciudadanía que no mantenga un vínculo con la Rama Judicial.

B. El o la representante de la ciudadanía será seleccionado o seleccionada mediante una convocatoria abierta que se publicará en los medios de comunicación, el portal de internet de la Rama Judicial y los tablones de edicto de los tribunales para que las personas interesadas sometan un formulario de candidatura. Los interesados o interesadas serán evaluados por un panel de la Rama Judicial compuesto por la Directora o el Director de Recursos Humanos de la Oficina de Administración de los Tribunales, la Directora o el Director del Secretariado de la Conferencia Judicial y Notarial, y la Secretaria o el Secretario del Tribunal Supremo, a fin de seleccionar los solicitantes cualificados y, luego, realizará un sorteo para seleccionar al representante de la ciudadanía. Finalmente, el panel evaluador rendirá un informe final al Tribunal Supremo, quien verificará que se cumplió con el proceso. La persona seleccionada como representante de la ciudadanía ocupará el puesto por un término de tres (3) años.

C. Con excepción del o de la representante de la ciudadanía, quien será seleccionado conforme el procedimiento dispuesto en el inciso anterior, el Director Administrativo o la Directora Administrativa seleccionará y nombrará a las personas que pertenecerán a la Junta entre los empleados y las empleadas y los funcionarios y las funcionarias de la Rama Judicial. Designará un presidente o una presidenta por un término de tres (3) años, tres vocales por un término de dos (2) años y dos (2) miembros alternos, ambos por un término de dos (2) años. Estas personas desempeñarán sus cargos durante el término de su nombramiento y hasta que se nombren las personas sucesoras y éstas últimas tomen posesión del cargo. También nombrará un Secretario o una Secretaria para ocupar un puesto en el Servicio Central, según establecido en el Reglamento de la Administración del Sistema de Personal de la Rama Judicial, para atender los procedimientos y otras responsabilidades relacionadas con las subastas formales.

D. Los miembros de la Junta no percibirán remuneración por los servicios prestados como tal, con excepción del Secretario o de la Secretaria.

E. No podrán pertenecer a la Junta los empleados y las empleadas de la División de Compras, el Jefe o la Jefa de esta División, el Director o la Directora del Área de Asuntos Fiscales, los funcionarios y las funcionarias y los empleados y las empleadas de la Oficina de Auditoría Fiscal y Operacional y el Director o la Directora de la Directoría de Administración.

F. El sello oficial de la Junta de Subastas de la Rama Judicial representará a dicho cuerpo en todo documento oficial.

## ARTÍCULO VI: JURISDICCIÓN DE LA JUNTA DE SUBASTAS

La Junta de Subastas tendrá jurisdicción en los casos siguientes:

A. Toda compra, contratación o alquiler de bienes o servicios personales para la Rama Judicial cuyo costo estimado sea veinticinco mil dólares ($25,000) o más.

B. Todo arrendamiento de locales a largo plazo según lo establece el Artículo XV de este Reglamento.

C. Las determinaciones relacionadas con las impugnaciones de invitaciones a subastas efectuadas de acuerdo con las disposiciones de este Reglamento.

D. Cualquier compra extraordinaria o especial que deba adquirirse mediante subasta informal que el Director Administrativo o la Directora Administrativa crea conveniente someter a su consideración.

E. Adjudicar el orden de negociación y negociar con los licitadores o las licitadoras de una subasta formal en la que se haya determinado que los precios ofertados son irrazonablemente altos o los términos de las ofertas son onerosos para la Rama Judicial. Véase Artículo XIV (B) de este Reglamento.

F. Cuando el Director Administrativo o la Directora Administrativa la designe para negociar con los o las proponentes, según el orden establecido por un Comité Evaluador designado al amparo del Artículo XIV (A)(3)(e) de este Reglamento.

G. Determinar la cancelación de una subasta cuando no se reciban ofertas.

La Junta de Subastas no tendrá jurisdicción en los casos de contratación de servicios profesionales o consultivos.

## ARTÍCULO VII. DEBERES DE LOS FUNCIONARIOS Y LAS FUNCIONARIAS DE LA JUNTA DE SUBASTAS

### A. Deberes generales

1. Asistir a todas las reuniones de la Junta.

2. Inhibirse de participar en la discusión y adjudicación de una subasta formal o en cualquier otro asunto cuando exista algún interés pecuniario directo o indirecto o cuando por relaciones de parentesco dentro del cuarto grado de consanguinidad o segundo grado de afinidad o de amistad con cualquier licitador o licitadora en una subasta, que pueda dar apariencia de favoritismo, preferencia o parcialidad.

Deberán inhibirse también de participar en toda aquella subasta en la que el o la miembro de la Junta o el área en que se desempeña en sus funciones regulares sea el beneficiario directo de los bienes personales o servicios solicitados.

3. Participar activamente en la evaluación de las ofertas aportando sus conocimientos con el propósito de tomar la mejor determinación en beneficio de la Rama Judicial.

4. Descargar sus funciones en cumplimiento con este Reglamento y cualquier legislación y reglamentación aplicable.

5. Conocer y mantenerse al día en la normativa relacionada con los procedimientos de subastas formales y de administración pública aplicable a la Rama Judicial.

6. Procurar adiestramientos o seminarios que contribuyan al mejor desempeño de sus funciones y deberes.

La Junta deberá adoptar los procedimientos que sean necesarios para guiar y uniformar su funcionamiento interno. Además, tendrá el deber de referir a la autoridad competente cualquier asunto que denote un incumplimiento con las leyes o los reglamentos vigentes que sea detectado en la evaluación de las ofertas presentadas ante su consideración o en cualquier otro asunto sobre el cual tenga jurisdicción.

**B. Deberes del Presidente o de la Presidenta**

1. Representar a la Junta en todas aquellas funciones inherentes a su cargo.

2. Convocar las reuniones de la Junta.

3. Dirigir los procedimientos de la Junta.

4. Preparar junto con el Secretario o la Secretaria el calendario de sesiones para la apertura de subastas.

5. Firmar los pliegos de subastas formales. En caso de no estar disponible, delegará esta función en el Secretario o la Secretaria de la Junta.

6. Identificar la necesidad de asesoramiento técnico especializado y solicitar al Director Administrativo o a la Directora Administrativa la designación de la persona recurso que habrá de impartirle el asesoramiento a la Junta.

7. Velar por el cumplimiento del procedimiento para la celebración y adjudicación de las subastas formales de conformidad con el presente Reglamento.

8. Realizar cualquier otra función necesaria para el cumplimiento de los procedimientos de subastas, entre otros, según establecidos en este Reglamento.

## C. Deberes del Secretario o de la Secretaria

1. Administrar la Oficina de la Secretaria o del Secretario de la Junta de Subastas.

2. Preparar el calendario de reuniones en coordinación con el Presidente o la Presidenta, conforme a las subastas formales emitidas y citar a cada miembro a las reuniones de la Junta.

3. Tomar las minutas de las reuniones de la Junta y de las presubastas, y preparar las actas de los actos de apertura y de cualquier otro evento que así lo requiera.

4. Cotejar los informes dirigidos a la Junta para asegurarse de que contienen todos los elementos necesarios que permitan tomar la determinación correspondiente.

5. Presidir las reuniones presubasta y el acto de apertura de las subastas formales.

6. Emitir los avisos de enmienda al pliego de subasta cuando sea necesario.

7. Notificar a la División de Compras y a las partes interesadas las adjudicaciones o cancelaciones de las subastas formales. Notificar además, cuando sea necesario, cualquier otro acuerdo tomado por la Junta.

8. Devolver las fianzas de licitación cuando corresponda.

9. Mantener récord de toda la correspondencia recibida y despachada por la Junta.

10. Custodiar las ofertas recibidas hasta el acto de apertura.

11. Velar por la tramitación adecuada de los expedientes de las subastas y recibir y custodiar la información contenida en los libros, récords, documentos y expedientes de la Junta.

12. Sustituir al Presidente o a la Presidenta de la Junta cuando sea necesario.

13. Custodiar el sello de la Junta de Subastas, el reloj-fechador asignado para el acto de apertura y el Libro de registro de asistencia.

14. Preparar informes trimestrales al Director Administrativo o a la Directora Administrativa sobre las subastas adjudicadas y pendientes de adjudicación. Deberá preparar además cualquier otro informe que le solicite.

15. Mantener actualizada la información publicada sobre las subastas formales en el portal cibernético de la Rama Judicial.

16. Realizar cualquier otra función necesaria para el cumplimiento de los procedimientos de subastas, entre otros, según establecidos en este Reglamento.

**D. Deberes del o de la Vocal**

1. Sustituir al Presidente o a la Presidenta o al Secretario o a la Secretaria cuando sea necesario.

2. Realizar cualquier otra función necesaria para el cumplimiento de los procedimientos de subastas, entre otros, según establecidos en este Reglamento.

**E. Deberes de los y las Miembros Alternos**

1. Sustituir a cualquier miembro en propiedad de la Junta cuando sea necesario.

2. Realizar cualquier otra función necesaria para el cumplimiento de los procedimientos de subastas, entre otros, según establecidos en este Reglamento.

**ARTÍCULO VIII: TÉRMINOS Y VACANTES DE LOS Y LAS MIEMBROS DE LA JUNTA DE SUBASTAS**

Las personas designadas por el Director Administrativo o la Directora Administrativa como miembros en propiedad o alternos de la Junta de Subastas cesarán de actuar como tales: cuando cesen sus funciones regulares como empleados

y empleadas de la Rama Judicial; cuando venza el término de su nombramiento y su sucesor haya tomado posesión del cargo, y cuando el Director Administrativo o la Directora Administrativa exima al o a la miembro de su función porque sea necesario para los mejores intereses de la Rama Judicial o por razones que lo justifiquen.

La persona seleccionada como representante de la ciudadanía cesará de actuar como tal cuando venza el término de su nombramiento y su sucesor haya tomado posesión del cargo o cuando, en conformidad al procedimiento aprobado por el Tribunal Supremo, se le excuse de su función.

## ARTÍCULO IX: REUNIONES DE LA JUNTA DE SUBASTAS

A. La Junta podrá celebrar reuniones cuantas veces sea necesario para atender las subastas pendientes de adjudicar o para considerar cualquier otro asunto que requiera su atención.

B. Los y las miembros en propiedad de la Junta tendrán voz y voto.

C. Los y las miembros alternos tendrán voz solamente, excepto en los casos en que sustituyan a un miembro en propiedad.

D. La presencia de cuatro (4) miembros constituirá quórum para declarar abierta la sesión y el quórum se deberá mantener durante el transcurso de toda la reunión.

E. Cualquiera de los y las miembros de la Junta, según ésta determine en cada caso, podrá ejercer los deberes del Presidente o de la Presidenta, o del Secretario o de la Secretaria, cuando por razones justificadas estos funcionarios o estas funcionarias se excusen de asistir a una sesión de la Junta.

F. Todas las decisiones de la Junta se tomarán por mayoría de votos de las personas presentes. En caso de empate, una vez agotadas todas las posibilidades de lograr participación de otros miembros de la Junta, tanto en propiedad como alternos, se someterá el caso al Director Administrativo o a la Directora Administrativa para la decisión final.

## TERCERA PARTE: NORMAS REGULADORAS

## ARTÍCULO X: DETERMINACIÓN DEL PROCEDIMIENTO DE ADQUISICIÓN

### A. Subasta formal

Se utilizará el procedimiento de subasta formal establecido en este Reglamento para la adquisición de bienes y servicios personales para la Rama Judicial, cuyo monto se estima que será de veinticinco mil dólares ($25,000) o más. Toda subasta formal será adjudicada por la Junta de Subastas de la Rama Judicial. En los casos en que sea necesario, el Presidente o la Presidenta de la Junta podrá solicitar al Director Administrativo o a la Directora Administrativa que nombre un Comité técnico o se contrate un consultor externo para asesorarla con respecto a una subasta particular.

## B. Compra negociada

Se podrá utilizar el procedimiento de compra negociada mediante los mecanismos establecidos en este Reglamento cuando ocurra alguna de las circunstancias siguientes:

1. cuando los bienes muebles a adquirirse sean altamente sofisticados, especializados o complejos;

2. cuando los precios cotizados en una subasta formal sean irrazonablemente altos;

3. cuando los términos de las ofertas presentadas en una subasta formal resulten onerosos para la Rama Judicial, o

4. cuando existan escasas suplidoras o escasos suplidores cualificados.

## C. Excepciones

No será necesaria la celebración de una subasta formal o de una compra negociada, en los casos en que ésta aplique, si se da alguna de las situaciones siguientes:

1. Cuando los precios de los bienes o servicios no estén sujetos a competencia por estar reglamentados por ley o por autoridad gubernamental competente.

2. Cuando se compre a una entidad del Estado Libre Asociado de Puerto Rico o al Gobierno de los Estados Unidos.

3. Cuando el bien o el servicio no pueda sustituirse por otro similar y exista una sola fuente de abastecimiento que conste mediante certificación del manufacturero de que la empresa en Puerto Rico es la representante exclusiva del bien o mediante certificación del Jefe o de la Jefa de Compras de que, a su mejor conocimiento, información y creencia, formada luego de una investigación razonable en el mercado, la entidad es la

única que puede proporcionar el bien o prestar el servicio personal particular, según aplique.

4. Cuando ocurra una situación que genere necesidades inesperadas, imprevistas e inaplazables en la Rama Judicial que requiera acción inmediata del Director Administrativo o de la Directora Administrativa por estar en peligro la vida, la salud o la seguridad de los empleados y las empleadas o porque implique la suspensión de los servicios que se brindan o que éstos se afecten.

5. Cuando la propiedad de la Rama Judicial pueda dañarse o perderse.

6. Cuando no se presente ninguna oferta en una subasta y estén en peligro inminente de perderse los fondos disponibles para adquirir los bienes y los servicios, lo cual afectaría adversamente los mejores intereses de la Rama Judicial.

7. Cuando se necesiten piezas de repuesto, accesorios, equipo adicional o servicios suplementarios para equipo o servicios personales previamente suministrados o cuya reparación o servicio esté bajo contrato.

8. Cuando se desee comprar cierto tipo o marca en particular por el buen servicio probado que hayan rendido unidades análogas, un sistema o proyecto particular requiera un equipo de una marca y modelo específico, y la economía que represente mantener uniformidad en unidades múltiples.

9. Cuando sea necesario adquirir los bienes y servicios personales fuera de Puerto Rico por no haber suplidoras o suplidores conocidos y cualificados en el mercado local, o cuando las condiciones ofrecidas en esos mercados sean más ventajosas que las del mercado local.

10. Cuando no se reciban ofertas luego de haberse emitido dos subastas para el mismo propósito.

11. Cuando todas las ofertas recibidas en una subasta sean rechazadas porque no cumplen con las especificaciones y las condiciones del pliego de subasta.

12. Cuando los precios cotizados en una subasta formal resulten irrazonablemente altos o los términos de las ofertas resulten onerosos para la Rama Judicial y luego de la celebración de la compra negociada no se haya logrado un acuerdo favorable para la Rama Judicial.

13. Cuando luego de celebrar una compra negociada para adquirir bienes sofisticados, especializados o complejos, no se llegue a un acuerdo favorable para la Rama Judicial.

**D. Procedimiento de excepción - Compra en mercado abierto**

Si ocurre alguna de las situaciones antes enumeradas, el Jefe o la Jefa de Compras notificará al Director Administrativo o a la Directora Administrativa la situación que amerita una excepción a la celebración de una subasta y solicitará su autorización para la adquisición del bien o servicio en mercado abierto. En la notificación explicará detalladamente las circunstancias que así lo ameritan y acompañará todos los documentos pertinentes, entre ellos las cotizaciones o un estimado aproximado del costo. La autorización por escrito que emita el Director Administrativo o la Directora Administrativa será válida únicamente para la compra por la cantidad aproximada que reflejen las cotizaciones o por el costo estimado indicado en la solicitud de autorización. Cualquier compra posterior, en exceso de la cantidad autorizada, requerirá una nueva autorización del Director Administrativo o de la Directora Administrativa.

Cada autorización para obviar trámites de subasta será independiente y no se utilizará para compras subsiguientes, a menos que el Director Administrativo o la Directora Administrativa expresamente lo autorice. En aquellas situaciones particulares en que sea necesario adquirir equipo de una marca determinada porque las necesidades del servicio así lo requieran, el Director Administrativo o la Directora Administrativa podrá emitir una sola autorización que detalle la situación particular y autorice compras subsiguientes durante ese año fiscal o, cuando se requiera por un término menor, por el término específico que se requiera.

Una vez se reciba la autorización, la División de Compras procederá con la compra en mercado abierto, según mejor convenga a los intereses de la Rama Judicial. Dicha comunicación debidamente autorizada, con todos los documentos que la sustentan, se hará formar parte de la orden de compra, contrato o documento mediante el cual se efectúe la adquisición.

**ARTÍCULO XI: PROCEDIMIENTO-SUBASTA FORMAL**

**A. Preparación del pliego de subasta**

Una vez la División de Compras determine, de acuerdo con el presente Reglamento, que para una compra o servicio

particular se requiere llevar a cabo el procedimiento de subasta formal, el Jefe o la Jefa de Compras completará el formulario correspondiente y presentará su recomendación al Director Administrativo o a la Directora Administrativa luego de verificar la disponibilidad de fondos. Una vez el Director Administrativo o la Directora Administrativa autorice la emisión de una subasta formal, la jefa o el jefe de la oficina o directoría peticionaria preparará los requerimientos y las especificaciones que habrán de formar parte del pliego de subasta y los remitirá a la División de Compras.

La División de Compras preparará el borrador de pliego de subasta y lo enviará al jefe o a la jefa de la oficina o directoría peticionaria para su aprobación. Aprobado el pliego de subasta, el Jefe o la Jefa de Compras lo remitirá para la firma del Presidente o de la Presidenta de la Junta.

**B. Requisitos del pliego de subasta**

Cada pliego de subasta deberá identificarse por su número, propósito y fecha de emisión. Estará compuesto por la invitación a subasta, las instrucciones, las especificaciones, y los términos y las condiciones de la subasta.

En el pliego de subasta se consignarán todos los elementos necesarios para que el licitador o la licitadora pueda someter su oferta, considerando los requisitos que se exponen a continuación:

1. Descripciones claras y detalladas de las características de los bienes y servicios personales que se desean adquirir y unas especificaciones completas de cada uno de ellos.

2. Instrucciones específicas respecto a la forma en que se someterán las ofertas y los términos y las condiciones que regirán la transacción. Dichos términos y condiciones junto con las especificaciones constituirán la base del contrato o la orden de compra.

3. Términos y condiciones de entrega y de inspección requeridos, que sean esenciales para la adjudicación de la subasta.

4. Lugar, fecha y hora en que se celebrará la reunión presubasta en caso de ser necesaria.

5. Lugar, fecha y hora en que se abrirán los sobres de ofertas e indicaciones sobre la forma en que éstos deben identificarse.

6. Condiciones o requerimientos especiales que puedan afectar el proceso de adjudicación, por ejemplo, si es necesario someter una muestra del producto para evaluación y cómo se dispondrá de la muestra una vez se efectúe la prueba.

7. Criterios de evaluación para la adjudicación de la subasta.

8. Términos para la impugnación del pliego de subasta y de la adjudicación.

## C. Otros términos y condiciones del pliego de subasta

En el pliego de subasta deberán consignarse, además, los términos y las condiciones siguientes:

1. Requisitos de la reglamentación vigente y de las normas aplicables de ingeniería y seguridad en aquellos casos en que se requiera la instalación del equipo que se comprará.

2. Toda certificación o documentos especiales que deberán someter los licitadores o las licitadoras como parte de su oferta.

3. Referencias, a modo de ejemplo, de marcas específicas de artículos, únicamente como guía para ayudar al licitador o a la licitadora a determinar la clase y tipo de artículos que se interesa obtener. En estos casos, los licitadores o las licitadoras podrán cotizar sus precios para otras marcas que cubran las especificaciones indicadas en el pliego de subasta. Podrá invitarse a subasta para la adquisición de marcas específicas, cuando se pueda justificar por la experiencia obtenida, para mantener la compatibilidad o uniformidad, y cualquier otra circunstancia que requiera dichas marcas específicas por ser éstas las que mejor satisfacen las necesidades de la Rama Judicial. De ser necesaria una marca específica, el expediente de la subasta incluirá un informe que lo justifique.

4. Tipos de descuentos por pronto pago aceptables a la Rama Judicial.

5. Requerimientos de ley y normas establecidas en la Rama Judicial para la ejecución de contratos. También se incluirá siempre la advertencia siguiente: "La notificación de la adjudicación de la presente subasta no constituirá el acuerdo formal entre las partes. Será necesario que se suscriba el contrato correspondiente o

que la Rama Judicial emita una orden de compra suscrita por la persona autorizada".

6. Notificación a los licitadores o las licitadoras sobre la disponibilidad de documentos adicionales relacionados y el lugar donde se pueden obtener.

7. Informar que el Director Administrativo o la Directora Administrativa, o la persona a quien éste o ésta delegue, podrá enmendar el pliego de subasta hasta dos (2) días laborables antes del acto de apertura de las ofertas cuando la enmienda implique cambios o solicitudes adicionales que se deben incluir en la oferta o licitación o un (1) día laborable antes del acto de apertura de la subasta cuando la enmienda no afecte la presentación de las ofertas.

### D. Envío del pliego de subasta

1. La División de Compras enviará el pliego de subasta a todos los posibles suplidores y suplidoras incluidos en el Registro de Suplidores para el producto o servicio necesario. También se publicará en cualesquiera medios electrónicos disponibles, incluyendo el portal cibernético de la Rama Judicial y, cuando se estime conveniente, mediante publicación en un periódico de circulación general por uno (1) o dos (2) días en semanas consecutivas.

2. Se mantendrán disponibles copias del pliego de subasta para que cualquier otro suplidor o suplidora que no forme parte del Registro de Suplidores pueda recogerlos. Si no se ha registrado aún, el suplidor interesado o la suplidora interesada en presentar una oferta deberá llenar una Solicitud de Ingreso al Registro de Suplidores de la Rama Judicial y suministrar la información y los documentos requeridos. La aceptación formal en el Registro de Suplidores no será un requisito para participar en la subasta.

3. El pliego de subasta se hará llegar a los suplidores o las suplidoras por lo menos quince (15) días antes de la fecha fijada para entregar las ofertas. Los pliegos de subastas se entregarán personalmente o se enviarán por correo electrónico. De determinarse la entrega personal, se notificará por teléfono o mensajería electrónica a las suplidoras y los suplidores incluidos en el Registro de Suplidores para el producto o servicio necesario y se publicará en el portal cibernético de la Rama Judicial la disponibilidad de los pliegos de subastas. La notificación deberá contener las fechas, el horario y el lugar exacto para el recogido de los pliegos de subastas. Para cada subasta particular, se notificará

por el mismo medio a todos los suplidores y las suplidoras.

4. La División de Compras tendrá la responsabilidad del envío o de la notificación de la disponibilidad de los pliegos de subastas en el término establecido, salvo en los casos de emergencia, que se establecerá un término más corto y se asegurará de enviarlas al mayor número posible de suplidores y suplidoras.

**E. Avisos de enmienda al pliego de subasta**

1. Las enmiendas al pliego de subasta procederán cuando se efectúen antes del acto de apertura de la subasta.

2. La Secretaria o el Secretario de la Junta evaluará las posibles enmiendas y redactará el aviso de enmienda correspondiente.

3. El aviso de enmienda se le notificará a los suplidores y a las suplidoras a quienes se le haya enviado el pliego de subasta. Además, se publicará en el portal cibernético de la Rama Judicial y por cualquier otro medio que se haya utilizado para la publicación de la subasta. El aviso de enmienda se notificará por correo electrónico o mediante entrega personal. En el caso de entrega personal, se notificará la disponibilidad de las copias del aviso de enmienda mediante teléfono o mensajería electrónica. Cada aviso de enmienda será notificado a los suplidores o las suplidoras por el mismo medio.

4. El aviso de enmienda se notificará hasta dos (2) días laborables antes del acto de apertura cuando la enmienda implique cambios o solicitudes adicionales que se deben incluir en la oferta o licitación, o un (1) día laborable antes del acto de apertura cuando la enmienda no afecte la presentación de las ofertas.

5. Todas las enmiendas formarán parte del pliego de subasta y quienes interesen licitar tendrán que considerarlas al presentar sus ofertas.

**F. Reuniones presubasta**

1. La Junta podrá celebrar reuniones presubasta con el propósito de orientar y aclarar cualquier duda que puedan tener los licitadores o las licitadoras potenciales sobre el contenido del pliego de subasta.

2. El Director Administrativo o la Directora Administrativa o la persona a quien éste o ésta delegue, podrá emitir una invitación a una reunión presubasta

cuando lo considere conveniente y beneficioso para la Rama Judicial. Para ello utilizará el procedimiento de envío o entrega del pliego de subastas contemplado en el inciso (D) del Artículo XI de este Reglamento. La invitación a reunión presubasta se podrá emitir por separado o conjuntamente con el pliego de subasta.

3. La Secretaria o el Secretario de la Junta o la persona a quien ésta o éste delegue, presidirá la reunión presubasta.

4. Será obligatorio que los licitadores y las licitadoras potenciales comparezcan a la reunión presubasta para que puedan presentar sus ofertas, cuando ésta haya sido convocada conforme lo dispuesto por este Reglamento.

5. La reunión presubasta se celebrará no menos de cinco (5) días laborables antes de la fecha fijada para el acto de apertura.

6. Las personas que participen de la reunión presubasta firmarán el Libro de registro de asistencia. En el caso de licitadores o licitadoras potenciales, deberán identificar a la persona natural o jurídica que representan.

7. La Secretaria o el Secretario de la Junta preparará una minuta de la reunión presubasta la cual incluirá, como mínimo, lo siguiente: (1) una lista con los nombres de las personas participantes y las personas naturales o jurídicas que representan, de ser aplicable; (2) los asuntos discutidos, las aclaraciones y los acuerdos tomados en la reunión; y (3) la fecha, la hora y el lugar en que se celebró la reunión.

8. Se enviará copia de la minuta por correo electrónico a los licitadores o las licitadoras potenciales que participaron de la reunión al menos dos (2) días laborables antes del acto de apertura. El original de la minuta se incluirá en el expediente oficial de la subasta.

## ARTÍCULO XII: PRESENTACIÓN DE OFERTAS

### A. Recibo de licitaciones

1. Los sobres conteniendo las ofertas se identificarán con el nombre de la persona natural o jurídica que presenta la oferta, el número de la subasta y la fecha y hora del acto de apertura. Éstos se recibirán cerrados en la División de Correo y Archivo Activo de la Directoría de Administración de la OAT, donde se marcarán

indicando la fecha y hora exacta en que se recibieron, lo cual constituirá la fecha oficial de entrega de la licitación. Las ofertas se podrán enviar por correo o entregarlas personalmente.

2. El Secretario o la Secretaria de la Junta aceptará los sobres sellados con las ofertas de los licitadores o las licitadoras hasta la fecha y hora establecida en el pliego de subasta.

3. De ocurrir algún evento natural o circunstancia especial que ocasione el cierre de operaciones de la OAT e impida el recibo de ofertas o propuestas en la fecha límite dispuesta para ello en el pliego de subasta, las ofertas o propuestas se entregarán en el día en que la OAT reanude funciones, a la hora dispuesta originalmente, o a cualquier otra que oportunamente se notifique.

4. Cada licitador o licitadora tendrá derecho a presentar una sola oferta para cada bien o servicio personal especificado en cada subasta, a menos que se indique lo contrario en el pliego de subasta.

5. Toda oferta presentada estará bajo la custodia del Secretario o de la Secretaria de la Junta y bajo ninguna circunstancia se abrirá hasta la fecha y hora fijada para el acto de apertura.

6. Toda oferta que se reciba después de la fecha y hora fijada en el pliego de subasta se devolverá al licitador o a la licitadora sin abrir.

7. Solamente se aceptarán las correcciones o modificaciones a las ofertas efectuadas antes de la fecha del acto de apertura y que cumplan los incisos (E) y (G) de este Artículo.

8. Si antes de la fecha del acto de apertura se recibiera una licitación con el sobre abierto, violentado, deteriorado o sin identificación, el Secretario o la Secretaria de la Junta se comunicará con el licitador o la licitadora para que éste o ésta verifique personalmente el sobre y los documentos que contiene y los vuelva colocar en otro sobre sellado, debidamente identificado, y entregue formalmente la licitación. La fecha de entrega será la fecha de recibo original. El Secretario o la Secretaria preparará un acta de las incidencias a la cual unirá el sobre deteriorado, violentado o sin identificación y el licitador o la licitadora firmará al calce del acta indicando la fecha y la hora de la inspección del sobre violentado, deteriorado o sin identificación.

9. Las ofertas que se reciban fuera de la fecha y hora fijada en el pliego de subasta y que no estén identificadas en el sobre, se abrirán y se devolverán al licitador o a la licitadora informándole su descalificación por incumplimiento con las condiciones de la subasta. Se retendrá el sobre original de la licitación y se hará formar parte del expediente de la subasta.

10. Las ofertas presentadas por los licitadores o las licitadoras serán parte del expediente de la subasta en la cual participen y pasarán a ser propiedad de la Rama Judicial, independientemente de que se cancele o adjudique la subasta.

**B. Oferta de representante exclusivo**

Si el licitador o la licitadora que ofrece una marca específica es el representante exclusivo o la representante exclusiva de dicha marca, tendrá la obligación de indicarlo en la oferta y acompañar la certificación del manufacturero o de la manufacturera.

**C. Tipos de oferta**

La Junta podrá aceptar o rechazar varios tipos de ofertas presentadas por los licitadores o las licitadoras, conforme lo dispuesto a continuación:

1. Oferta básica

Constituye aquella en la cual los licitadores o las licitadoras anotan el precio unitario de cada una de las partidas o renglones por la cual desean cotizar. Si el licitador o la licitadora anota precios por unidad en unas partidas y lo omite en otras, se entenderá que interesa hacer ofertas sólo en aquellas partidas para las cuales hace la oferta básica.

2. Oferta alterna

Un licitador o una licitadora podrá someter una oferta básica y una o varias alternas para bienes o servicios personales de distintos precios, cualidades o categorías cuando éstas hayan sido solicitadas en los pliegos de subastas y se les haya brindado la misma oportunidad a los demás licitadores o licitadoras. El hecho de que se soliciten ofertas alternas no obliga a la Junta a aceptarlas, aunque éstas sean más bajas en precio que la oferta básica, si se entiende que no conviene a la Rama Judicial.

3. Oferta "todo o nada"

Además de la oferta básica, será admisible una oferta a base de "todo o nada". Consiste en una oferta de un precio más bajo para un grupo de partidas o renglones, sujeta a la condición de que todas sean adjudicadas al licitador o a la licitadora. Deberá anotarse el precio total rebajado o el por ciento de rebaja al lado de cada partida, indicando la frase "todo o nada".

4. Oferta precio global

En sustitución de las ofertas sobre la base "todo o nada", será admisible que los licitadores o las licitadoras coticen a base de precio global ("Lump Sum"). El licitador o la licitadora anotará al lado de la suma de los renglones para los cuales ha cotizado, una cifra rebajada o señalará un por ciento de descuento.

5. Varias ofertas por un mismo licitador o una misma licitadora

Una empresa comercial no podrá someter varias ofertas para una subasta, ya sea a nombre propio, de alguna de sus subsidiarias o sucursales, de algunos o varios de sus socios, agentes, oficiales y entidades a que éstos pertenezcan porque se declararán nulas todas y cada una de las ofertas.

**D. Ofertas que no cumplan con las especificaciones**

La Junta no considerará las ofertas que añadan o eliminen especificaciones o condiciones requeridas en el pliego de subasta, o que las alteren, modifiquen o varíen. Tampoco se considerarán las ofertas que contengan frases, párrafos o comentarios ambiguos, incompletos, indefinidos o que resten certeza a la cotización. Como excepción, se aceptarán aquellas desviaciones mínimas que no alteren el concepto básico de la especificación, la condición o el término del pliego de subasta, únicamente si ningún licitador o licitadora ha ofrecido un bien o servicio personal que cumpla con las especificaciones y los términos requeridos. Véase Artículo XIII (K).

**E. Correcciones de ofertas**

Las correcciones en los pliegos de oferta deberán estar refrendadas por el licitador o la licitadora con su firma o iniciales, de lo contrario quedará invalidada la oferta para la partida o las partidas correspondientes.

**F. Retiro de la oferta**

1. El retiro de una oferta podrá efectuarse mediante una solicitud escrita al Secretario o a la Secretaria de la Junta, presentada hasta veinticuatro (24) horas antes del acto de apertura de la subasta.

2. El licitador o la licitadora no podrá presentar una oferta sustituta, una vez retirada la oferta para determinada subasta.

3. Cuando un licitador o una licitadora insista en el retiro de su oferta con posterioridad al acto de apertura de una subasta, se considerará como incumplimiento de sus responsabilidades y el Director Administrativo o la Directora Administrativa podrá aplicar las sanciones que estime pertinentes, conforme con las disposiciones del Reglamento de Compras de Bienes y Servicios Personales de la Rama Judicial.

### G. Modificaciones a ofertas

1. Las modificaciones a ofertas se aceptarán hasta veinticuatro (24) horas antes de la hora fijada en el pliego de subasta para la entrega de ofertas. La modificación se hará mediante comunicación escrita, presentada ante el Secretario o la Secretaria de la Junta y deberá enviarse en sobre cerrado, debidamente identificado con la información siguiente:

    a. Número de la subasta

    b. Fecha y hora señaladas para la entrega de ofertas

    c. Nombre y dirección del licitador o de la licitadora

    d. Información que indique las razones para la modificación de la oferta

2. Toda modificación de oferta será abierta en la fecha y hora señalada para el acto de apertura de la subasta conjuntamente con la licitación original.

### H. Acto de apertura de ofertas

1. Las ofertas se abrirán en el día y hora fijada para su apertura.

2. El acto de apertura será presidido por el Secretario o la Secretaria de la Junta o por el o la miembro de la Junta en quien éste o ésta delegue. En el mismo podrán estar presentes los y las miembros de la

Junta de Subastas, las licitadoras y los licitadores concernidos y toda persona particular interesada. No será requisito que se constituya la Junta en pleno para el acto de apertura.

3. Los licitadores y las licitadoras deberán estar en el salón donde se celebrará el acto de apertura a la hora indicada para el comienzo. Quienes lleguen más tarde no podrán entrar y perderán la oportunidad de participar en el acto de apertura.

4. Todas las personas que asistan al acto de apertura firmarán un registro de asistencia, indicando el nombre de la persona natural o jurídica a quien representan y el puesto que desempeñan.

5. El funcionario o la funcionaria de la Junta de Subastas que presida el acto de apertura de la subasta expresará en voz alta el número de la subasta que está bajo consideración, el propósito de la misma y el nombre de cada uno de los licitadores o cada una de las licitadoras que han presentado ofertas. Mostrará a todas las personas presentes los sobres cerrados de las licitaciones. Los abrirá y verificará que contienen todos los documentos requeridos en el pliego de subasta. Los sobres de las licitaciones se retendrán en el expediente de la subasta.

6. El funcionario o la funcionaria que presida el acto de apertura inicializará y sellará cada una de las páginas de cada licitación con un reloj-fechador el cual incluirá la fecha y la hora. En aquellos casos en que se anticipe que las licitaciones serán voluminosas o que concurrirán muchos licitadores o licitadores, el Presidente o la Presidenta de la Junta de Subastas designará, mediante comunicación escrita, a los y las miembros de la Junta que consideren conveniente para que junto con el Secretario o la Secretaria sellen e inicialicen las licitaciones. Dicho documento formará parte del expediente de la subasta.

7. La información siguiente se deberá leer en voz alta: el número de la partida o renglón para el cual se está cotizando, el precio por partida, la marca y el modelo, la garantía, si aplica, y la fecha de entrega si es una de las condiciones de la subasta.

8. Una vez abiertas y leídas en público las licitaciones, la Junta no podrá cambiar los términos o las estipulaciones de la subasta, ni se permitirá a los licitadores o licitadoras presentes realizar una oferta o hacer cambios o modificaciones a la misma.

9. Cualquier persona presente en el acto de apertura podrá examinar los documentos de las ofertas presentadas después que el Secretario o la Secretaria de la Junta lea en voz alta, inicie y selle todas las ofertas.

10. La cancelación o retiro de una oferta por parte del licitador o de la licitadora después de iniciada la apertura de los pliegos de licitación, se considerará como un incumplimiento de sus responsabilidades como licitador o licitadora y el Director Administrativo o la Directora Administrativa podrá aplicar cualesquiera de las medidas por conducta impropia de los suplidores y las suplidoras provistas en el Reglamento de Compras de Bienes y Servicios Personales de la Rama Judicial.

11. El Secretario o la Secretaria o el funcionario o la funcionaria de la Junta que presida el acto de apertura será responsable de levantar un acta de todas las incidencias y certificará la veracidad de lo expresado.

## ARTÍCULO XIII: NORMAS PARA LA ADJUDICACIÓN DE SUBASTAS

### A. Evaluación de oferta

La Junta examinará y evaluará todas las ofertas antes de adjudicar la subasta. En el proceso podrá ser asesorada por el Jefe o la Jefa de Compras, un Comité técnico, otros funcionarios y funcionarias, empleados y empleadas, y consultores externos o consultoras externas, según considere conveniente.

### B. Criterios básicos de evaluación

Al evaluar las ofertas para adjudicar las subastas, la Junta considerará los criterios que se expresen en el pliego de subasta junto con los siguientes:

1. La exactitud con la cual el licitador o la licitadora ha cumplido con las especificaciones, los términos y las condiciones del pliego de subasta.

2. La calidad de los bienes y servicios personales ofrecidos y cómo éstos cumplen con las especificaciones y satisfacen las necesidades establecidas. En los casos en que se efectuaron pruebas con muestras suministradas por el licitador o la licitadora, se incluirá la evaluación de la muestra del producto entre los aspectos de este criterio de calidad.

3. Si el precio es competitivo y comparable con el prevaleciente en el mercado. Además, aplicar el por ciento de preferencia establecido si la persona o la entidad ha

presentado una Resolución de la Junta para la Inversión en la Industria Puertorriqueña.

4. La reconocida habilidad del licitador o de la licitadora para realizar trabajos de la naturaleza bajo consideración en casos de servicios personales.

5. La responsabilidad y capacidad económica del licitador o de la licitadora.

6. La experiencia de la Rama Judicial con el cumplimiento de contratos u órdenes de compra anteriores de naturaleza igual o parecida.

7. La experiencia de otras entidades gubernamentales con el licitador o la licitadora. La recomendación sobre este particular deberá constar por escrito.

8. El término de entrega más próximo si se ha hecho constar como condición en el pliego de subasta.

## C. Rechazo de oferta más baja

La Junta podrá rechazar la oferta de precio más bajo cuando ocurra una o varias de las condiciones siguientes:

1. La Junta tenga conocimiento y exista evidencia de que el licitador o la licitadora que hace la oferta más baja no haya dado cumplimiento satisfactorio a contratos otorgados u órdenes de compra emitidas anteriormente con la Rama Judicial.

2. Cuando las pruebas efectuadas a las muestras del producto reflejen una calidad inferior a las especificaciones del pliego de subasta.

3. Cuando se tenga conocimiento de que el licitador o licitadora haya incumplido con los contratos otorgados con agencias gubernamentales y se tenga prueba de ello por escrito.

4. Cuando la oferta no cumpla con las especificaciones, los requisitos y términos de la subasta.

5. Cuando no se incluya la firma autorizada del licitador o de la licitadora.

6. Cuando la experiencia previa de la Rama Judicial con la garantía o el funcionamiento del renglón ofrecido no haya sido satisfactoria.

Las razones por las cuales se rechace la oferta más baja en precio se harán constar detalladamente en la

minuta de la reunión de la Junta de Subastas en la cual se efectúe la adjudicación de esa subasta específica.

**D. Término de entrega como criterio adicional de evaluación**

1. A menos que en el pliego de subasta se haya hecho constar que se considerará la premura con que se entreguen los artículos solicitados como criterio principal para la adjudicación, no se podrá rechazar la oferta que mejor cumpla con las especificaciones, los términos y las condiciones de la subasta y que, a su vez, sea la más baja en precio, para adjudicarla a un postor más alto porque éste ofrezca una entrega más rápida.

2. En aquellos casos en que no se requiera en el pliego de subasta una fecha de entrega específica, los licitadores o las licitadoras deberán indicar en su oferta el término o la fecha en la cual entregarán los artículos o rendirán el servicio personal requerido.

3. En casos excepcionales en los que, luego del acto de apertura de la subasta, el Director Administrativo o la Directora Administrativa determine que el término de entrega puede afectar adversamente el desarrollo de las actividades de la Rama Judicial, éste se convertirá en uno de los criterios principales que se considerarán al evaluar las ofertas para adjudicación. El Secretario o la Secretaria de la Junta de Subastas notificará a los licitadores o las licitadoras que el término de entrega será uno de los criterios principales para la adjudicación y les dará un término de veinticuatro (24) horas para enmendar dicho término de entrega. Se consignará por escrito la justificación de tal acción y ésta deberá formar parte del expediente de la subasta.

**E. Preferencia**

1. Requisitos

La preferencia se establecerá de acuerdo con la Ley 14-2004, según enmendada, conocida como la Ley para la Inversión en la Industria Puertorriqueña, o cualquier ley posterior que la sustituya. Para conceder la preferencia se cumplirá con las condiciones siguientes:

a. El licitador o la licitadora establecerá preferencia mediante la presentación de la Resolución de la Junta para la Inversión en la Industria Puertorriqueña, conjuntamente con su oferta.

b. En la Resolución deberá marcar el renglón o renglones a los cuales se les ha concedido la preferencia que solicita.

c. No se considerarán solicitudes de preferencia que no cumplan con los requisitos establecidos en los incisos (a) y (b) anteriores.

d. No se considerarán solicitudes de preferencias con posterioridad a la fecha y hora establecida en el pliego de subasta para la entrega de ofertas.

2. Método de aplicación del por ciento de preferencia

El por ciento de preferencia se aplicará al precio ofrecido por el producto y el precio que resulte será comparado con los otros precios para determinar las ofertas más bajas.

Cualquier licitador o licitadora a quien no se haya adjudicado la preferencia concedida por la Junta para la Inversión en la Industria Puertorriqueña, podrá presentar una solicitud de reconsideración ante el Director Administrativo o la Directora Administrativa de conformidad con el procedimiento establecido en el Artículo XVIII del presente Reglamento.

**F. Descuento por pago rápido**

Para fines de adjudicación de la subasta, no se considerarán los descuentos por pago rápido, a menos que este criterio se haya establecido en el pliego de subasta.

**G. Adjudicación por partidas**

Cuando se estime que es aconsejable y conveniente a los mejores intereses de la Rama Judicial, la Junta podrá:

1. aceptar o rechazar cualquier partida, grupo o grupos de partidas de cualquier oferta;

2. adjudicar la subasta englobando varias partidas.

**H. Adjudicación a oferta única**

Cuando se reciba una sola oferta, la Junta podrá aceptarla siempre que se ajuste a las especificaciones y el precio sea competitivo y comparable al prevaleciente en el mercado. Si no se cumple con los requisitos de especificaciones y precio, la Junta rechazará la oferta y deberá resolver el asunto de la forma que sea más

beneficiosa para la Rama Judicial, recomendando la emisión de una nueva subasta o la compra en mercado abierto.

### I. Empate de ofertas

Las ofertas que sean idénticas en precios, especificaciones y demás condiciones estipuladas en el pliego de subasta se considerarán empatadas. Para la adjudicación, la Junta notificará a los licitadores o las licitadoras con cotizaciones similares que en un término de tres (3) días deberán comparecer ante el Secretario o la Secretaria de la Junta o ante el o la miembro de la Junta designado por el Presidente o la Presidenta y en sobre cerrado presentar nuevas cotizaciones. En el día y la hora señalada se abrirán los sobres en presencia de representantes de esos licitadores o esas licitadoras. Si ocurre un nuevo empate, se dividirá la adjudicación de la subasta entre esos licitadores o esas licitadoras, si las partes aceptan la adjudicación reducida. De lo contrario, se cancelará la partida o las partidas en las que ocurrió el empate.

La forma como se resuelva el empate de ofertas deberá hacerse constar en la minuta correspondiente.

### J. Rechazo global

1. Se podrá rechazar cualquiera o todas las ofertas para una subasta en las situaciones siguientes:

a. Cuando los licitadores o las licitadoras no cumplan con alguno de los requisitos, especificaciones o condiciones estipuladas.

b. Cuando se estime que no se ha obtenido la competencia adecuada.

c. Cuando los precios obtenidos sean irrazonables.

d. Cuando las ofertas demuestren que los licitadores o las licitadoras controlan el mercado del producto solicitado y se entienda que se han puesto de acuerdo entre sí para cotizar precios excesivos. En este caso, los licitadores o las licitadoras responsables de tal acción estarán sujetos a las medidas establecidas en el Reglamento de Compras de Bienes y Servicios Personales de la Rama Judicial o a que el Director Administrativo o la Directora Administrativa someta el asunto a la consideración de la Oficina de Asuntos Monopolísticos del Departamento de Justicia, para la acción correspondiente.

2. De ocurrir una de las situaciones antes mencionadas, la Junta deberá resolver el asunto en la forma que sea más beneficiosa para la Rama Judicial, recomendando una compra negociada o emitir una nueva subasta.

### K. Desviaciones permisibles

La Junta podrá aceptar desviaciones mínimas en los términos y las especificaciones de las ofertas recibidas, siempre y cuando concurran los requisitos siguientes:

1. ningún licitador o licitadora ofrezca el bien o servicio personal con las especificaciones requeridas,

2. no se afecte el propósito original a que está destinada la subasta y

3. el precio cotizado sea competitivo y comparable con el prevaleciente en el mercado.

### L. Adjudicación de la subasta

La Junta evaluará las ofertas y cómo éstas cumplen con los criterios de evaluación establecidos en las especificaciones, los términos y las condiciones indicadas en el pliego de subasta. Seleccionará al licitador o licitadora que mejor cumpla con los criterios establecidos y, de ser más de uno, adjudicará la subasta a favor de quien ofrezca el precio más bajo.

### M. Notificación de la determinación final de la Junta

Una vez la Junta tome la decisión final, el Secretario o la Secretaria notificará por escrito a cada licitador o licitadora que concurrió a la subasta. La notificación deberá incluir lo siguiente:

1. La determinación final de la Junta.

2. Los nombres de todos los licitadores y las licitadoras que participaron en la subasta y un resumen de sus ofertas o licitaciones.

3. Los criterios utilizados para la adjudicación, el rechazo global o la cancelación de la subasta, según aplique.

4. Las especificaciones, los términos y las condiciones que no cumplió o satisfizo el licitador no seleccionado o la licitadora no seleccionada.

5. En la notificación de cada licitador o licitadora que haya solicitado la aplicación del por ciento de preferencia, se incluirá una certificación de que dicho por ciento se tomó en consideración en el proceso de adjudicación.

6. El derecho de solicitar reconsideración al Director Administrativo o a la Directora Administrativa y el término para presentar dicha reconsideración de conformidad con lo dispuesto en el Artículo XVIII del presente Reglamento.

7. El derecho de solicitar revisión judicial y el término para ejercerlo.

La determinación se enviará por correo regular el mismo día a todos los licitadores y todas las licitadoras que concurrieron.

También el Secretario o la Secretaria de la Junta notificará la determinación a la División de Compras y a la oficina o directoría peticionaria.

## ARTÍCULO XIV: COMPRA NEGOCIADA

### A. Alcance de la compra negociada

En los casos indicados en el inciso (B) del Artículo X de este Reglamento, el Director Administrativo o la Directora Administrativa, previa recomendación de la Jefa o del Jefe de Compras o de la Junta de Subastas, según aplique, podrá autorizar que se utilice el procedimiento de compra negociada para la adquisición de bienes o servicios personales particulares.

El procedimiento de compra negociada a través de un requerimiento de propuestas podrá incluir un requerimiento de información y/o de precualificación de suplidores o suplidoras a discreción del Director o Directora Administrativa o el Jefe o la Jefa de Compras. Un requerimiento de información o de precualificación no obligará de modo alguno a la Rama Judicial a realizar un requerimiento de propuestas y podrá realizarse de modo independiente para obtener información acerca de potenciales suplidores y el inventario de productos disponibles para poder compararlos entre sí.

Según se estime conveniente, se podrá emitir una invitación conjunta de requerimiento de información, de precualificación de suplidores o suplidoras, y de requerimiento de propuestas o emitir invitaciones por separado.

1. Requerimiento de propuestas

a. Propósito

El requerimiento de propuestas es el mecanismo que se utiliza para informar los requisitos y las necesidades de la Rama Judicial y solicitar propuestas para negociar la adquisición de bienes conforme lo establece este Reglamento.

b. Requisitos mínimos

El requerimiento de propuestas deberá incluir como mínimo lo siguiente:

1. el número de requerimiento y la fecha de emisión;

2. la información y las instrucciones específicas sobre cómo preparar y presentar las propuestas, así como la manera en que las personas proponentes podrán solicitar información relacionada con la preparación y entrega de propuestas;

3. toda la información disponible sobre los bienes muebles que se interesan adquirir;

4. los criterios que se utilizarán para la evaluación y selección de propuestas, incluyendo el peso y la importancia que se le dará a cada criterio;

5. una indicación para que las propuestas se presenten en un sobre cerrado y en otro sobre separado los precios cotizados conforme la estructura suministrada;

6. los términos generales del contrato u orden de compra si se toma la determinación de negociar con las y los proponentes seleccionados;

7. una indicación para que se especifique en las propuestas si alguna parte de ésta es confidencial por constituir secretos de negocio o por estar protegida por legislación y que deben tomar medidas cautelares para salvaguardarla;

8. la fecha, la hora y el lugar donde se entregarán las propuestas, y

9. los términos para la impugnación del requerimiento de propuestas y de la adjudicación del orden de negociación.

c. Otros términos y condiciones

En el requerimiento de propuestas deberán consignarse, además, los términos y las condiciones siguientes:

1. requisitos de la reglamentación vigente y de las normas aplicables de ingeniería y seguridad en aquellos casos en que se requiera la instalación del equipo que se comprará;

2. lista de las certificaciones y documentos especiales que deberán someter con su propuesta;

3. referencias, a modo de ejemplo, de marcas específicas de artículos, únicamente como guía para ayudar a la persona proponente a determinar la clase y el tipo de artículos que se interesa obtener;

4. tipos de descuentos por pronto pago aceptables a la Rama Judicial;

5. requerimientos de ley y normas establecidas en la Rama Judicial para la ejecución de contratos u órdenes de compra;

6. notificación a los y las proponentes de la disponibilidad de los documentos relacionados y el lugar donde se pueden obtener.

d. Procedimiento

Una vez se autorice, el Jefe o la Jefa de Compras enviará el requerimiento de propuestas a los suplidores y las suplidoras que ofrezcan los bienes muebles que se desean adquirir. Se publicará en cualesquiera otros medios electrónicos disponibles, incluyendo el portal cibernético de la Rama Judicial, y cuando se estime necesario, en un periódico de circulación general.

Se mantendrán disponibles copias del requerimiento de propuestas para que cualquier otro suplidor o suplidora que no forme parte del Registro de Suplidores pueda recogerlos. Si no se ha registrado aún, quien interese presentar una propuesta, deberá llenar una Solicitud de Ingreso al Registro de Suplidores de la Rama Judicial y suministrar la información y los documentos requeridos. La aceptación formal en el Registro de Suplidores no será un requisito para participar.

El requerimiento de propuestas se hará llegar a los suplidores o las suplidoras por lo menos quince (15) días antes de la fecha límite establecida para la entrega de propuestas. Los requerimientos de propuestas se

entregarán personalmente o se enviarán por correo electrónico. De determinarse la entrega personal, se notificará por teléfono o mensajería electrónica a las suplidoras y los suplidores incluidos en el Registro de Suplidores para el bien necesario y se publicará en el portal cibernético de la Rama Judicial la disponibilidad de los requerimientos de propuestas. La notificación deberá contener la fecha, el horario y el lugar exacto para el recogido de los requerimientos de propuestas. Para cada requerimiento de propuestas, todos los suplidores y las suplidoras se notificarán por el mismo medio.

La División de Compras tendrá la responsabilidad del envío o de la notificación de la disponibilidad de los requerimientos de propuestas en el término establecido, salvo en los casos de emergencia, que se establecerá un término más corto y se asegurará de enviarlos al mayor número posible de suplidores y suplidoras.

Antes o después de la fecha límite establecida para la entrega de propuestas, el Jefe o la Jefa de Compras podrá convocar una o más reuniones para aclarar dudas relacionadas con el requerimiento o para que las personas proponentes realicen presentaciones sobre aspectos técnicos o complejos incluidos en sus propuestas.

Si antes de la fecha límite establecida para la entrega de propuestas se determina enmendar el requerimiento, el aviso de enmienda se enviará a todos los suplidores y las suplidoras que pertenezcan al Registro de Suplidores y ofrezcan los bienes muebles que se desean adquirir. Se publicará en cualesquiera otros medios utilizados para la divulgación del requerimiento. En estos casos, la Jefa o el Jefe de Compras notificará el aviso de enmienda.

El aviso de enmienda se notificará hasta dos (2) días laborables antes de la fecha límite establecida para la entrega de propuestas cuando la enmienda implique cambios o solicitudes adicionales que se deben incluir en la propuesta o un (1) día laborable antes de la fecha límite establecida para la entrega de propuestas cuando la enmienda no afecte la presentación de la propuesta.

Todas las enmiendas formarán parte del requerimiento y quienes interesen participar tendrán que considerarlas al presentar sus propuestas.

e. Comité Evaluador

Para el análisis de las propuestas y de las impugnaciones al requerimiento de propuestas, de recibirse alguna, el Director Administrativo o la Directora

Administrativa nombrará un Comité Evaluador y una persona que lo presida dentro de los cinco (5) días posteriores al envío o notificación de disponibilidad del requerimiento de propuestas a los posibles suplidores o suplidoras. En aquellos casos en que sea necesario un asesoramiento externo, el Director Administrativo o la Directora Administrativa lo autorizará.

El Comité Evaluador analizará en primer lugar las propuestas sometidas de conformidad con los criterios establecidos en el requerimiento y establecerá un orden de negociación de los y las proponentes que mejor cumplan con dichos criterios.

Si en el requerimiento se solicitó una propuesta de costos, el Comité Evaluador establecerá el orden de negociación comenzando con los y las proponentes que mejor hayan cumplido con los criterios y cuya propuesta de costos sea más baja, competitiva y comparable al precio prevaleciente en el mercado.

El Comité Evaluador podrá determinar que se enmiende el requerimiento, en cuyo caso el Presidente o la Presidenta de dicho Comité deberá notificar el aviso de enmienda a las personas proponentes participantes. Se tomará en consideración la complejidad de lo solicitado mediante enmienda al momento de establecer el término que se le concederá a los y las proponentes para someter su contestación al aviso de enmienda.

Una vez termine su análisis de las propuestas, el Comité Evaluador podrá recomendarle al Director Administrativo o a la Directora Administrativa que:

1. autorice el inicio de la negociación conforme el orden establecido por dicho Comité o

2. cancele el requerimiento de propuestas.

El Presidente o la Presidenta del Comité Evaluador notificará al Director Administrativo o a la Directora Administrativa su recomendación con un informe detallado que sustente la determinación.

Una vez el Director Administrativo o la Directora Administrativa realice la determinación, el Presidente o la Presidenta del Comité Evaluador notificará por escrito a los y las proponentes el orden de negociación o la cancelación y las razones que sustentan la determinación. La persona proponente que no esté de acuerdo con el orden de negociación establecido podrá solicitar una reconsideración de conformidad con el

procedimiento establecido en el Artículo XVIII de este Reglamento.

2. Requerimiento de información

a. Propósito

El requerimiento de información se utiliza para conocer si en el mercado hay uno o más suplidores o suplidoras que puedan brindar u ofrecer algún bien o servicio personal particular.

También podrá utilizarse para obtener información relevante en el mercado para fines de planificación, así como para estimar precios y capacidades, entre otros, o determinar las diversas maneras en que se puede brindar el servicio personal requerido.

El requerimiento de información no obligará a la Rama Judicial con los suplidores o las suplidoras participantes.

b. Procedimiento

Cuando el Jefe o la Jefa de Compras determine la conveniencia de emitir un requerimiento de información en éste se incluirá una guía general que oriente a los posibles suplidores o suplidoras sobre las necesidades que puedan dar base a una futura adquisición mediante algún procedimiento establecido en este Reglamento. Además, se incluirá la fecha y el lugar para entregar la información requerida o los medios disponibles para enviarla. El requerimiento se enviará a todos los suplidores y las suplidoras que pertenezcan al Registro de Suplidores y ofrezcan los bienes o servicios personales que se desean adquirir, si alguno. Se publicará en cualesquiera otros medios electrónicos disponibles, incluyendo el portal cibernético de la Rama Judicial y, cuando se estime necesario, en un periódico de circulación general.

El requerimiento podrá enviarse por correo electrónico, correo regular o por el método más conveniente para la Rama Judicial. En éste se indicará que los suplidores o las suplidoras deben tomar las medidas cautelares para salvaguardar información confidencial por constituir secretos de negocio o por estar protegida por legislación.

La información que se reciba de los suplidores o las suplidoras no se considerará una oferta o propuesta para negociación o adjudicación, a menos que se incluya un requerimiento de propuestas.

El Jefe o la Jefa de Compras podrá convocar una o más reuniones para intercambiar información con los suplidores o las suplidoras en los casos que sea necesario sin que ello obligue de forma alguna a la Rama Judicial.

Toda la información que se reciba mediante este mecanismo no podrá ser divulgada a personas no autorizadas.

3. Precualificación de suplidores o suplidoras

El Jefe o la Jefa de Compras podrá recomendar en algunos casos de adquisición de bienes especializados, sofisticados o complejos que se emita una invitación de precualificación de suplidores o suplidoras. En ésta se indicará la información general sobre los bienes que se habrán de adquirir, los requisitos que deben cumplir los suplidores o las suplidoras que interesen participar en los procedimientos de compra que se determine utilizar posteriormente, los criterios que se utilizarán para la cualificación y la fecha y lugar para presentar la información.

Cuando se emita una invitación a precualificación de suplidores o suplidoras, la División de Compras evaluará la información presentada. Si el Jefe o la Jefa de Compras lo considera necesario, requerirá el asesoramiento de empleados o empleadas, o de funcionarios o funcionarias con el conocimiento técnico específico.

Al finalizar la evaluación se notificará por escrito a todos los suplidores y las suplidoras que cualifiquen y también se notificará a quienes no hayan cualificado indicando las razones de la descalificación.

4. Negociación de la compra

Expirado el término para presentar una solicitud de reconsideración sin que se haya presentado, el Director Administrativo o la Directora Administrativa nombrará un Comité de Negociación y una persona que lo presida o delegará en la Junta de Subastas el efectuar la negociación correspondiente.

La negociación se iniciará con la persona proponente designada en el primer lugar. Si no se llega a un acuerdo favorable, se continuará la negociación con la persona proponente designada en segundo lugar y así sucesivamente. Cuando se llegue a un acuerdo favorable para la Rama Judicial el Presidente o la Presidenta del Comité de Negociación o la Secretaria o el Secretario de la Junta de Subastas, según aplique, emitirá la notificación de adjudicación. En ambos casos, la adjudicación se

notificará a las personas proponentes que participaron, al Jefe o a la Jefa de Compras y a la oficina o directoría peticionaria.

El Comité de Negociación o la Junta de Subastas preparará un informe de cada negociación efectuada con cada proponente seleccionado. Dichos informes formarán parte del expediente de la compra negociada, el cual será custodiado por la División de Compras.

Si no se llegara a un acuerdo con las y los proponentes seleccionados, se recomendará al Director Administrativo o a la Directora Administrativa la cancelación del requerimiento y la compra en mercado abierto sujeto a la disponibilidad de fondos. En tales situaciones, el Presidente o la Presidenta del Comité de Negociación o la Secretaria o el Secretario de la Junta de Subastas, según aplique, notificará la cancelación.

Independientemente de la determinación final, se deberá indicar en la notificación el derecho a solicitar reconsideración al Director Administrativo o a la Directora Administrativa y el término para presentar dicha reconsideración de conformidad con el Artículo XVIII del Reglamento. Deberá especificar, además, el derecho a solicitar revisión judicial y el término para ejercerlo. La determinación se enviará por correo regular.

**B. Compra negociada cuando los precios sean irrazonables o los términos onerosos en una subasta formal**

En los casos en que se haya celebrado una subasta formal y los precios sean irrazonablemente altos o los términos resulten onerosos para la Rama Judicial, la Junta de Subastas determinará el orden de negociación de los licitadores y las licitadoras que concurrieron tomando en consideración exclusivamente el grado en que éstos o éstas satisfacen las especificaciones y los criterios establecidos en el pliego de subasta, sin tomar en consideración los precios cotizados o los términos onerosos indicados. Previa autorización del Director Administrativo o de la Directora Administrativa, el Secretario o la Secretaria de la Junta notificará a los licitadores y a las licitadoras que se efectuará el procedimiento de compra negociada conforme el orden de negociación establecido y las razones para la designación de dicho orden. El licitador o la licitadora que no esté de acuerdo con el orden de negociación establecido podrá solicitar una reconsideración de conformidad con el procedimiento establecido en el Artículo XVIII de este Reglamento.

Expirado el término para presentar una solicitud de reconsideración sin que se haya presentado, la Junta de Subastas comenzará a negociar de conformidad con el orden establecido. Si se llega a un acuerdo favorable con cualquiera de los licitadores o las licitadoras, el Secretario o la Secretaria de la Junta de Subastas emitirá la notificación de la adjudicación a los licitadores y las licitadoras que participaron, a la División de Compras y a la oficina o directoría peticionaria.

Si no se llegara a un acuerdo favorable para la Rama Judicial, la Junta de Subastas recomendará al Director Administrativo o a la Directora Administrativa la cancelación de la subasta y la compra en mercado abierto sujeto a la disponibilidad de fondos. En tales casos, la Secretaria o el Secretario de la Junta de Subastas, notificará la cancelación a los licitadores o las licitadoras que participaron, a la División de Compras y a la oficina o directoría peticionaria.

**ARTÍCULO XV: ARRENDAMIENTOS DE LOCALES A LARGO PLAZO**

**A. Aplicabilidad**

Las disposiciones de este artículo aplicarán a toda solicitud, evaluación y contratación de la Rama Judicial para tomar en arrendamiento un local por un término mayor de cinco (5) años, con excepción de aquellos formalizados con otros organismos gubernamentales, los cuales no estarán sujetos a este Reglamento y se regularán por las leyes generales aplicables, si alguna.

**B. Principios generales**

Todo contrato a ser otorgado por la Rama Judicial para tomar en arrendamiento un local por un término mayor de cinco (5) años se considerará de largo plazo y deberá someterse al procedimiento de subasta formal o requerimiento de propuestas dispuesto en este Reglamento, con excepción de aquellos formalizados con otros organismos gubernamentales, los cuales se regularán por las leyes generales aplicables, si alguna.

**C. Procedimiento para atender las necesidades de arrendamiento de locales a largo plazo**

1. Las necesidades de arrendamiento de locales a largo plazo de las diferentes dependencias de la Rama Judicial serán analizadas en primera instancia por la Oficina de Administración y Conservación de Locales, quien evaluará la necesidad presentada tomando en consideración los criterios siguientes:

a. Evaluación de las facilidades físicas en uso.

b. Volumen y tipo de servicio a prestarse en el local a arrendarse.

c. Proyección del crecimiento de los programas de trabajo, recursos humanos y necesidades de equipo.

d. Justificación de la localización del local a arrendarse en relación con los servicios a prestarse.

e. Términos y condiciones del arrendamiento propuesto o existente, incluyendo el canon de arrendamiento y razonabilidad del mismo.

f. Disponibilidad de fondos para el arrendamiento propuesto.

g. Informe justificando que el uso para el cual se destinará el local amerita el término de duración para el cual se solicita el arrendamiento.

h. Análisis sobre alternativas de arrendamiento disponibles con organismos gubernamentales, si alguna.

2. En aquellos casos en que la Oficina de Administración y Conservación de Locales determine que existe la necesidad de arrendar un local a largo plazo a un organismo no gubernamental, remitirá la petición de arrendamiento debidamente endosada para la evaluación ulterior de un Comité Revisor. Dicho Comité estará compuesto por tres miembros designados por el Juez Presidente o la Jueza Presidenta o por el Director Administrativo o la Directora Administrativa, por delegación, de entre quienes laboran en la Rama Judicial con conocimiento en el campo de la administración pública y la gestión gubernamental. Estas personas desempeñarán sus respectivos cargos durante un término de tres (3) años, o hasta que sus sucesores sean nombrados, y no percibirán remuneración adicional por la prestación de tales servicios.

Para el adecuado desempeño de sus funciones, y de no haberse realizado, el Comité Revisor encomendará realizar un "Estudio de Mercado o de Renta" o un "Estudio de Tasaciones Comparables", lo que resulte más eficiente para la Rama Judicial para evaluar la tarifa vigente por concepto de cánones de arrendamiento en bienes inmuebles en el área propuesta y considerar si la necesidad de arrendamiento presentada se atempera al mejor interés de la Rama Judicial. Cuando lo considere necesario, el Comité Revisor podrá solicitar al Director Administrativo o a la Directora Administrativa los servicios de quienes laboran

en la Rama Judicial, o la contratación de asesores externos, en capacidad de consultores.

3. El Comité Revisor rendirá un informe escrito al Director Administrativo o a la Directora Administrativa, con sus conclusiones y recomendaciones sobre la petición de arrendamiento presentada. Ello incluirá recomendar el mecanismo de adquisición más apropiado, ya sea por subasta formal o requerimiento de propuestas, cuando se identifique una necesidad de arrendamiento de un local a largo plazo.

4. El Director Administrativo o la Directora Administrativa evaluará las peticiones de arrendamiento de locales a largo plazo conforme al trámite establecido en este artículo para determinar si las autoriza y disponer el mecanismo de adquisición más apropiado, ya sea por subasta formal o requerimiento de propuestas, que permita una competencia libre y justa y a la vez vele por los mejores intereses de la Rama Judicial.

5. Una vez el Director Administrativo o la Directora Administrativa autorice la emisión de una subasta formal o un requerimiento de propuestas, la Oficina de Administración y Conservación de Locales preparará los requisitos y especificaciones del pliego de subasta o del requerimiento de propuestas y los remitirá a la División de Compras.

6. La División de Compras preparará el borrador de pliego de subasta o de requerimiento de propuestas y lo enviará a la Oficina de Administración y Conservación de Locales para su aprobación. Aprobado el mismo, el Jefe o la Jefa de Compras lo remitirá para la firma del Presidente o de la Presidenta de la Junta de Subastas.

**D. Procedimiento - subasta formal o requerimiento de propuestas**

Las subastas formales o los requerimientos de propuestas para el arrendamiento de locales a largo plazo se regularán por lo dispuesto en este Reglamento para dichos mecanismos de adquisición; disponiéndose, sin embargo, que las condiciones especiales siguientes formarán parte de todo pliego de subasta o requerimiento de propuestas para este tipo de contratación:

1. En los arrendamientos de locales con una vigencia de treinta (30) años o más, la parte arrendadora que no sea un organismo gubernamental, concederá a la Rama Judicial el derecho a adquirir la propiedad al finalizar el término del arrendamiento por un dólar ($1). En dichos casos se proveerá para que el contrato de arrendamiento

pueda ser elevado a escritura pública e inscribirse en el Registro de la Propiedad. Además, la parte arrendadora concederá el derecho de tanteo a favor de la Rama Judicial en la venta o cesión del inmueble, así como el derecho a acelerar la compra del inmueble mediante el pago de la cantidad aún adeudada de financiamiento, en los casos que aplique, estableciendo una compensación específica, según los años ya pagados por la Rama Judicial.

2. El pago de las contribuciones sobre la propiedad será por cuenta de la parte arrendadora y no de la Rama Judicial.

3. En el caso de locales de nueva construcción, previo a la firma de cualquier precontrato o contrato, se acreditará mediante un estudio de título que la parte arrendadora es dueña de los terrenos donde se construirá la estructura.

4. En el pliego de subasta o en el requerimiento de propuestas se consignarán todos los elementos que deberá considerar el o la proponente para someter su oferta o propuesta. Ello incluirá proveer especificaciones completas y descripciones claras de las características primordiales propias del local a arrendarse, así como las características físicas, funcionales, estéticas y de calidad con que se describe éste. Sin que se entienda como una limitación, se especificará:

a. La ubicación, extensión, diseño y estructura del local;

b. Términos y condiciones que regirán cualquier desarrollo que se requiera para el arrendamiento del local. En casos en que los servicios pudieran requerir autorizaciones, licencias especiales, permisos y otros, deberán evidenciarse las mismas;

c. Requisitos de la reglamentación vigente y de las normas aplicables de ingeniería y seguridad;

d. Término del contrato de arrendamiento;

e. Necesidades de estacionamiento;

f. Fianzas que se requerirán con el propósito de asegurar el cumplimiento de la oferta, propuesta u obligación contraída.

**E. Evaluación de las ofertas o propuestas**

La evaluación de las ofertas o propuestas estará a cargo de la Junta de Subastas, quien conducirá los

trámites conforme a las disposiciones de este Reglamento. Al evaluar las ofertas o propuestas la Junta de Subastas considerará el cumplimiento de éstas con las especificaciones, criterios y requerimientos establecidos y procederá con la adjudicación al proponente o licitador que cumple a satisfacción y conveniencia de la Rama Judicial con las especificaciones, criterios y requerimientos evaluados.

## ARTÍCULO XVI: FIANZAS

Cuando las especificaciones de los bienes o servicios personales que se van a adquirir lo ameriten, se podrá requerir a quienes liciten o presenten propuestas varios tipos de fianzas con el propósito de asegurar el cumplimiento con la obligación contraída. En aquellas ocasiones en que sea requisito la prestación de fianza, esto se especificará siempre en el pliego de subasta o en el requerimiento de propuestas. La fianza se prestará a favor del Secretario o de la Secretaria de Hacienda en una de las formas siguientes: (1) cheque certificado, (2) giros postales o bancarios o (3) fianza de seguro expedida por una compañía de seguros autorizada por el Comisionado o la Comisionada de Seguros de Puerto Rico.

No se aceptarán fianzas por cantidades menores a las requeridas o a nombre de otra entidad que no sea el Secretario o la Secretaria de Hacienda. El incumplimiento con este requisito conllevará el rechazo de la oferta o propuesta o la cancelación de la adjudicación.

Toda fianza será custodiada por la División de Finanzas de la Oficina de Administración de los Tribunales.

### A. Fianza de licitación

A quienes liciten o presenten propuestas se les podrá requerir una fianza de licitación para garantizar la oferta o propuesta. El monto de la fianza no excederá de un quince por ciento (15%) del precio licitado o cotizado, a menos que en el pliego de subasta o en el requerimiento de propuestas se establezca otra cantidad. Luego de que se adjudique una subasta o propuesta y transcurran cinco (5) días laborables concedidos para la solicitud de reconsideración sin que ésta se hubiese presentado, el Secretario o la Secretaria de la Junta de Subastas devolverá todas las fianzas de licitación presentadas, excepto la del licitador agraciado o licitadora agraciada, a quien se le devolverá cuando se suscriba el contrato o se emita la orden de compra, según aplique.

Si se presenta una solicitud de reconsideración, se retendrán todas las fianzas de licitación hasta que se

resuelva la solicitud. Una vez se le notifique al Secretario o a la Secretaria de la Junta de Subastas la determinación del Director Administrativo o de la Directora Administrativa, se procederá con la devolución de fianzas de conformidad con el párrafo anterior.

**B. Fianza de ejecución**

A quien se adjudique una subasta o propuesta deberá presentar una fianza de ejecución ante la División de Compras no más tarde de los diez (10) días laborables siguientes a la notificación de la adjudicación. Dicha fianza garantizará la ejecución del contrato u orden de compra, según aplique. El monto de la fianza se fijará en el pliego de subasta o en el requerimiento de propuestas. El Jefe o la Jefa de Compras devolverá esta fianza cuando expire el término del contrato o cuando se cumpla con la orden de compra correspondiente.

**C. Ejecución de fianzas por incumplimiento**

1. Fianza de licitación - Se podrá ejecutar la fianza de licitación si expirado el término de diez (10) días laborables a partir de la notificación de la adjudicación, el licitador agraciado o la licitadora agraciada no presenta la fianza de ejecución. Además, se podrá ejecutar si el licitador agraciado o la licitadora agraciada se niega a firmar el contrato dentro de los diez (10) días laborables siguientes de habérsele citado para ello.

2. Fianza de ejecución - Se podrá ejecutar la fianza ejecución si transcurrido el término dispuesto en el pliego de subasta o requerimiento de propuestas el licitador agraciado o la licitadora agraciada no entrega los bienes o no cumple sus obligaciones según contratadas. Se ejecutará la fianza para que responda por la diferencia en precio que se adjudique en segunda instancia o del precio que se obtenga en mercado abierto. Si la fianza no cubre dicho exceso, se reclamará el balance al licitador concernido o licitadora concernida.

**ARTÍCULO XVII: IMPUGNACIÓN AL PLIEGO DE SUBASTA O AL REQUERIMIENTO DE PROPUESTAS**

A. Cualquier persona interesada en participar que no esté de acuerdo con el pliego de subasta o requerimiento de propuestas tendrá derecho a impugnarlo dentro de los tres (3) días laborables siguientes al envío o notificación de disponibilidad a los suplidores y las suplidoras.

B. El documento de impugnación del pliego de subastas se presentará por escrito ante el Secretario o la Secretaria de la Junta de Subastas, estableciendo en detalle lo objetado en el pliego y el fundamento para ello. Se deberá presentar una copia del escrito al Jefe o a la Jefa de Compras para que paralice el proceso de subasta.

C. El documento de impugnación del requerimiento de propuestas se presentará por escrito ante el Jefe o la Jefa de Compras, estableciendo en detalle lo objetado en el requerimiento y el fundamento para ello. El Jefe o la Jefa de Compras someterá la impugnación ante la consideración del Comité Evaluador una vez se designe conforme el Artículo XIV(3)(e) de este Reglamento.

En un término de cinco (5) días laborables después de haberse presentado la impugnación, la Junta de Subastas o el Comité Evaluador, según aplique, tomará una de las determinaciones siguientes:

1. desestimar la solicitud de impugnación y ordenar que se continúen los trámites correspondientes;

2. enmendar el pliego de subasta o el requerimiento de propuestas y emitirlo nuevamente, o

3. cancelar la subasta o el requerimiento de propuestas.

D. De no estar conforme con la desestimación de su solicitud de impugnación, la parte promovente tendrá un término de cinco (5) días laborables para presentar una reconsideración ante el Director Administrativo o la Directora Administrativa, según dispone el Artículo XVIII.

**ARTÍCULO XVIII: PROCEDIMIENTO DE RECONSIDERACIÓN ANTE EL DIRECTOR ADMINISTRATIVO O LA DIRECTORA ADMINISTRATIVA**

**A. Solicitud de reconsideración**

Podrá solicitar una reconsideración ante el Director Administrativo o la Directora Administrativa de los Tribunales toda parte adversamente afectada por:

1. la adjudicación de una subasta o compra negociada;

2. la determinación de la Junta de Subastas o del Comité Evaluador sobre la impugnación del pliego de subasta o del requerimiento de propuestas, respectivamente;

3. el rechazo global de su oferta;

4. la determinación sobre la aplicación del por ciento de preferencia;

5. el orden de negociación establecido por la Junta para la compra negociada, y

6. el orden establecido por el Comité Evaluador para la negociación de propuestas.

La solicitud de reconsideración se someterá por escrito dentro del término de cinco (5) días laborables a partir del archivo en autos de copia de la notificación de la determinación que se impugna. Si la fecha de archivo en autos de copia de la notificación es distinta a la fecha del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. De ser distinta la fecha, la parte peticionaria deberá acreditar la fecha en que se efectuó la notificación.

La solicitud de reconsideración deberá contener fundamentos claros, razonables y específicos y estar acompañada de la prueba documental que sustente las alegaciones, en caso de que aplique. En la solicitud deberá especificarse el número de la subasta o requerimiento de propuestas. Además, deberá certificarse que se ha entregado copia de la reconsideración a cada una de las partes notificadas de la determinación final, al Jefe o a la Jefa de Compras y a la Junta, cuando esta última intervenga. Se rechazará de plano cualquier solicitud de reconsideración que no cumpla con los requisitos establecidos en este inciso.

La presentación de la solicitud de reconsideración paralizará los procedimientos de compra de esa subasta particular o compra negociada en lo que respecta a las partidas o renglones especificados en la solicitud de reconsideración.

**B. Procedimiento de reconsideración**

1. El Director Administrativo o la Directora Administrativa de los Tribunales enviará la solicitud de reconsideración a la Oficina de Asuntos Legales para la investigación y preparación del informe correspondiente.

2. La Junta, el Comité Evaluador o el Comité de Negociación, según aplique, someterá sus comentarios ante la Oficina de Asuntos Legales en un término de diez (10) días laborables contados a partir de la presentación de la solicitud de reconsideración. Dicha oficina examinará los

comentarios presentados, el expediente correspondiente, y cualquier otra prueba pertinente, y podrá citar las personas testigos que considere necesarias.

3. La parte promovente podrá solicitar a la Oficina de Asuntos Legales una reunión informativa para presentar prueba que sea indispensable para resolver la solicitud de reconsideración. Presentará su solicitud por escrito con todos los fundamentos que justifiquen la concesión de dicha reunión informativa. La Oficina de Asuntos Legales tendrá discreción para conceder o denegar la petición de reunión, a base de los fundamentos expuestos en la solicitud que a esos efectos se presente.

4. Una vez que analice toda la prueba recopilada, la Oficina de Asuntos Legales emitirá sus recomendaciones al Director Administrativo o a la Directora Administrativa.

5. El Director Administrativo o la Directora Administrativa tomará en consideración las recomendaciones y emitirá su determinación final.

6. La Oficina de Asuntos Legales notificará la determinación final del Director Administrativo o de la Directora Administrativa a todas las partes interesadas dentro del término de cinco (5) días de emitida dicha determinación. En la notificación se certificará la constancia de la notificación a todas las partes. Dicha notificación se remitirá por correo regular.

**ARTÍCULO XIX: REVISIÓN JUDICIAL**

Toda parte adversamente afectada por la determinación del Director Administrativo o de la Directora Administrativa podrá presentar un recurso de revisión ante el Tribunal de Apelaciones en un término de diez (10) días a partir de la fecha de archivo en autos de la notificación de la determinación final del Director Administrativo o de la Directora Administrativa. Si la fecha de archivo en autos de la notificación es distinta a la fecha del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. De ser distinta la fecha, la parte peticionaria deberá acreditar la fecha en que se efectuó la notificación.

Deberá notificar tal acción al Director Administrativo o a la Directora Administrativa y a todas las partes con interés.

La presentación de un recurso de revisión judicial ante el Tribunal de Apelaciones no tendrá el efecto de paralizar la adjudicación de la subasta o de la

determinación o el proceso, según aplique. No obstante, deberá evaluarse, como medida cautelar, la posposición de la autorización de un contrato o de la emisión de una orden de compra cuando así convenga a los mejores intereses de la Rama Judicial.

**CUARTA PARTE: DISPOSICIONES GENERALES**

**ARTÍCULO XX: EXAMEN DEL EXPEDIENTE DE LA SUBASTA O COMPRA NEGOCIADA**

El expediente de la subasta o del requerimiento de propuestas estará constituido por los documentos siguientes: (1) el pliego de subasta o requerimiento de propuestas con sus enmiendas, si las hay; (2) las minutas de las reuniones presubasta y de adjudicación de la Junta de Subastas o del Comité de Negociación; (3) el acta de apertura; (4) las ofertas o propuestas presentadas; (5) la adjudicación de la subasta o compra negociada; (6) las notificaciones de adjudicación a los licitadores o licitadoras; y (7) cualquier otro documento que deba ser incluido por virtud de este Reglamento o que se le curse a los licitadores o licitadoras o que sea imprescindible para la evaluación de una subasta o requerimiento de propuestas.

Cualquier persona particular que interese y solicite examinar el referido expediente lo podrá hacer después de notificada la determinación final de la Junta de esa subasta particular o del Comité de Negociación en el requerimiento de propuestas. En los casos en que se cancele una subasta o un requerimiento de propuestas después de efectuado el acto de apertura o la entrega de propuestas, cualquier persona particular que lo solicite, podrá examinar dicho expediente, salvo por aquella información que, a juicio del Director Administrativo o Directora Administrativa, resulte privilegiada o que pueda lesionar derechos de terceros. A tales efectos, y sin que se entienda como una enumeración taxativa, no se considerarán documentos públicos, a los fines de su accesibilidad a licitadores o personas particulares, los documentos siguientes: (1) los documentos de trabajo o comunicaciones internas que preparan los miembros de la Junta de Subastas o de cualquier comité constituido en virtud de este Reglamento, de forma individual, durante sus deliberaciones o estudios especiales y que no forman parte del expediente de la subasta o del requerimiento de propuestas; (2) el informe de la División de Compras; y (3) los informes y recomendaciones de los peritos asesores de la Junta de Subastas o de cualquier comité constituido en virtud de este Reglamento.

El derecho que se concede a las personas particulares estará siempre supeditado a que no se afecten los servicios que se brindan y el curso normal de los trabajos de la Junta y la División de Compras. Para ello, será necesario solicitar por escrito al Secretario o a la Secretaria de la Junta, quien hará arreglos para que un o una oficial de la Junta o de la División de Compras esté presente durante el examen de los documentos, y notificará el día y la hora convenientemente.

## ARTÍCULO XXI: CANCELACIÓN DE SUBASTAS O COMPRAS NEGOCIADAS

El Director Administrativo o la Directora Administrativa se reserva el derecho de cancelar cualquier subasta emitida o requerimiento de propuestas, independientemente de la etapa en que se encuentre, siempre que sea antes de formalizar el contrato o haber emitido una orden de compra.

## ARTÍCULO XXII: INTERVENCIONES FISCALES

Todo documento relacionado con los procedimientos a que se refiere este Reglamento constituye información oficial y estará sujeto a examen por la Oficina de Auditoría Fiscal y Operacional o cualquiera otra unidad administrativa de la Oficina de Administración de los Tribunales, conforme determine el Director Administrativo o la Directora Administrativa. El Contralor de Puerto Rico examinará los documentos antes indicados conforme a su itinerario de intervenciones.

Los expedientes serán retenidos por la División de Compras hasta pasada una intervención del Contralor. Pasado este periodo, se transferirán al Área de Administración de Documentos de la Rama Judicial.

## ARTÍCULO XXIII: SEPARABILIDAD

Si cualquier artículo, sección, inciso o párrafo de este Reglamento fuera declarada inconstitucional, inválida o nula por un tribunal de jurisdicción competente, las disposiciones restantes del Reglamento continuarán vigentes.

## ARTÍCULO XXIV: DEROGACIÓN

Se deroga el Reglamento de Subastas Formales de Bienes y Servicios de la Rama Judicial y el Reglamento para el Arrendamiento de Locales a Largo Plazo para la Rama Judicial.

Se deroga también cualquier otra norma anterior, en todo lo que sea incompatible con el presente Reglamento.

**ARTÍCULO XXV: DISPOSICIÓN TRANSITORIA**

Los miembros de la Junta de Subastas designados al amparo del anterior Reglamento de Subastas Formales de Bienes y Servicios de la Rama Judicial, aquí derogado, continuarán ejerciendo las funciones de sus cargos hasta que sus sucesores sean nombrados conforme a lo establecido en el presente Reglamento.

**ARTÍCULO XXVI: VIGENCIA**

Este Reglamento comenzará a regir treinta (30) días después de su aprobación y aplicará a todos los procedimientos de adquisición que sean iniciados a partir de su vigencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Reglamento de Subastas                    ER-2017-02
de la Rama Judicial


Voto particular de conformidad emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se unen la Jueza Asociada SEÑORA PABÓN CHARNECO y los Jueces Asociados SEÑORES KOLTHOFF CARABALLO Y RIVERA GARCÍA

San Juan, Puerto Rico, a 10 de marzo de 2017.

Desde el 2014, al igual que otros compañeros de este Tribunal, planteé la necesidad de atender y examinar determinados procesos reglamentarios de subastas de la Rama Judicial, a la luz de los señalamientos contenidos en los Informes de la Oficina del Contralor de Puerto Rico DA-12-52 y DA-12-53, relacionados con transacciones de arrendamientos de los edificios de la Oficina de Administración de Tribunales, el Tribunal de Apelaciones y la Sala de Relaciones de Familia y Menores de Bayamón. Igualmente, indiqué la necesidad de aumentar los mecanismos de transparencia y participación ciudadana en los procesos de

subastas formales. A tales fines, desde aquel momento, propuse que se elaborara un nuevo Reglamento de Subastas.

Eventualmente, este Tribunal mediante la Resolución ER-2014-03 encomendó la preparación del borrador de un nuevo Reglamento de Subastas para la Rama Judicial. Véase In re Reglamento de Subastas de la Rama Judicial, 192 DPR 56 (2014).

En ocasión de lo anterior, el Secretariado de la Conferencia Judicial y Notarial (Secretariado) presentó ante este Tribunal el *Proyecto de Reglamento de Subastas Formales de la Rama Judicial* (en adelante, "Reglamento"). *Véase* Secretariado de la Conferencia Judicial y Notarial, Proyecto de Reglamento de Subastas Formales de la Rama Judicial (2015). Examinado el proyecto, según modificado, opino que la aprobación de este nuevo Reglamento representa un paso necesario hacia una mayor transparencia en el manejo del erario público. Igualmente, constituye un gran avance hacia la sana administración pública. Me parece que el nuevo Reglamento cumplirá con su función de lograr una mejor utilización de los recursos del Estado, prevenir las situaciones lamentables que desembocaron en los hallazgos de los citados informes de la Oficina del Contralor de Puerto Rico, y evitar la pérdida millonaria de fondos públicos.

Entre esos avances reglamentarios destaco la introducción de un mecanismo de participación ciudadana informada y constructiva, mediante la reestructuración de

la composición de la Junta de Subastas con la selección independiente de un ciudadano, representante del interés público, con voz y voto.

El representante del interés público es un corolario de la democracia moderna, pues constituye un mecanismo de participación ciudadana. Mediante éste, se promueve una mayor transparencia gubernamental, un manejo eficiente de los recursos fiscales y una mayor fiscalización del Gobierno. *Véase* Arie Halachmi & Marc Holzer, Citizen Participation and Performance Measurement: Operationalizing Democracy Through Better Accountability, 34 Pub. Admin. Quart. 378 (2010).

Asimismo, sabido es que una sociedad verdaderamente democrática no se puede desvincular total y absolutamente de la participación ciudadana. Érika Fontánez Torres, El derecho a participar: Normas, estudios de caso y notas para una concreción, 68 Rev. Col. Abog. PR 631, 636 (2007). Precisamente, la noción de la participación ciudadana surgió como respuesta a la concepción tradicional de la administración pública como materia de expertos y, posteriormente, comenzó a asociarse con otras justificaciones valorativas, tales como el pluralismo y la sociedad como entidad fiscalizadora. Id. en las págs. 636-640. De modo que si consideramos los distintos fundamentos que la justifican, sería meritorio reconocer que la participación ciudadana en los procesos

gubernamentales constituye un eslabón esencial en nuestra sociedad.

Cónsono con estos principios, nuestro ordenamiento jurídico reconoce el rol del ciudadano en el Derecho Administrativo. De ahí que se aprobara la vigente Ley Núm. 170 de 12 de agosto de 1988, conocida como la *Ley de Procedimiento Administrativo Uniforme* (LPAU), la cual contiene varios mecanismos de participación ciudadana. *Véase* Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 LPRA 2101 *et seq*. En este contexto, el profesor William Vázquez Irizarry destaca que los mecanismos de participación ciudadana adoptados por la LPAU tienen tres posibles fundamentos: (1) conceden legitimidad al proceso reglamentario; (2) mejoran el proceso decisional, y (3) contribuyen a fiscalizar potenciales arbitrariedades. William Vázquez Irizarry, Participación ciudadana en la reglamentación administrativa en Estados Unidos y Puerto Rico: Premisas y nuevos paradigmas, I Rev. de Gestión Pública 69, 80 (2011). Estos procesos participativos son esenciales y fundamentales en el ámbito de la reglamentación. Demetrio Fernández, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme 133 (3ra ed. 2013).

Ahora bien, más allá del Derecho Administrativo y el poder de reglamentación que tiene la Rama Ejecutiva, según delegado por la Rama Legislativa, la participación ciudadana tiene que permear en *toda la administración*

*pública*, pues así se fortalece la confianza entre los ciudadanos y el Estado, y se logra una mayor accesibilidad al proceso decisional relacionado con la utilización eficiente de los recursos del Estado. Esto fomenta una mayor rendición de cuentas por parte del Gobierno. De hecho, así ha ocurrido a través de varios procesos democráticos desarrollados en distintas jurisdicciones.[1]

Por consiguiente, si reconocemos la importancia de la participación ciudadana en la administración pública, es necesario concluir que el representante del interés público no debería ser una figura ajena e incompatible con la Junta de Subastas de la Rama Judicial. Según hemos expresado, las subastas gubernamentales están revestidas de un gran *interés público* y deben regirse por preceptos legales que promuevan la sana administración pública. Transporte Rodríguez v. Junta de Subastas, 194 DPR 711, 716-717 (2016); AEE v. Maxon, 163 DPR 434, 438-439 (2004). Por ello, las juntas de subastas asumen una parte importante y sustancial de la administración gubernamental, puesto que los procesos que ejecutan

---

[1]Así, por ejemplo, en el 1989, en Argentina se fundó *Poder Ciudadano*, un grupo de la sociedad civil dedicado a colaborar con Argentina en aras de desarrollar programas de fiscalización y optimización en el área de la contratación gubernamental. En México, se creó *Fundar*, otro grupo de la sociedad civil establecido para monitorear la corrupción gubernamental y la utilización impropia de fondos públicos. Para estos y otros ejemplos, véase The World Bank, Civic Engagement in Procurement: A Review of Eight International Case Studies (2012).

buscan proteger al erario público mediante la compra y adquisición de bienes y servicios por parte del Gobierno al mejor precio posible; evitando así el favoritismo, la corrupción, el dispendio, la dilapidación y el descuido en la contratación gubernamental.[2]

Ante esto, en nuestro ordenamiento jurídico, el representante del interés público y la participación ciudadana en los procesos administrativos relacionados con el manejo de los recursos del Estado ha sido contemplado por el legislador. Es decir, nuestro esquema jurídico reconoce que la participación ciudadana trasciende el Derecho Administrativo y se adentra en la fiscalización, administración y manejo prudente del erario público como asunto de vital importancia. Con ello, se busca fomentar la sana y prudente administración pública.

Específicamente, el Artículo 10.004 de la *Ley de Municipios Autónomos* exige que los municipios constituyan una Junta de Subastas compuesta por cinco miembros, uno de ellos siendo un representante del interés público. Art. 10.004 de la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, 21 LPRA sec. 4504. Asimismo, recientemente se aprobó la Ley Núm. 235 de 19 de

---

[2]*Véanse* Caribbean Communications v. Policía de P.R., 176 DPR 978, 994 (2009); Empresas Toledo v. Junta de Subastas, 168 DPR 771, 778-779 (2006); RBR Const., S.E. v. A.C., 149 DPR 836, 848-849 (1999); Hatton v. Mun. de Ponce, 134 DPR 1001, 1005-1006 (1994); Mar-Mol Co. v. Adm. Servs. Gens., 126 DPR 864, 871 (1990); Justiniano v. E.L.A., 100 DPR 334, 338 (1971).

diciembre de 2014, conocida como la *Ley para crear la Junta Revisora de Propiedad Inmueble del Estado Libre Asociado de Puerto Rico*. En particular, el Artículo 3 de la Ley Núm. 235 dispone que uno de los miembros de la Junta Revisora debe ser un representante del interés público. Art. 3 de la Ley para crear la Junta Revisora de Propiedad Inmueble del Estado Libre Asociado de Puerto Rico, Ley Núm. 235 de 19 de diciembre de 2014, 3 LPRA sec. 9163.

Como vemos, el representante del interés público no es una figura antagónica a la administración interna de la Rama Judicial. Por el contrario, se trata de un mecanismo reconocido por la política pública e íntimamente relacionado con un sistema democrático moderno. Su inclusión dentro de la Junta de Subastas de la Rama Judicial garantizará un mejor manejo de los recursos del Estado y contribuirá a la prevención de señalamientos similares a los realizados por la Oficina del Contralor de Puerto Rico.

Destaco el carácter independiente en la selección de ese miembro de la Junta de Subasta. En ese sentido, reconozco el respaldo de todos los miembros de este Tribunal en desechar la idea de que ese representante fuese nombrado por el Director de la OAT o por el Pleno. Ni lo uno ni lo otro hubiese sido lo más conveniente para el interés público.

Aunque reconozco la facultad del Pleno para reglamentar la composición de la Junta de Subastas, a la luz de la Sección 7 del Artículo V de la Constitución de Puerto Rico, que le brinda al Tribunal Supremo la facultad de adoptar reglas para la administración de los tribunales y delega en la Jueza Presidenta la responsabilidad de dirigir el proceso administrativo, considero que la opción de consenso alcanzada logra los propósitos loables de administración pública, anteriormente expuestos. Véase In re Reglamento de Subastas de la Rama Judicial, *supra*, en la pág. 59 (*citando a* 4 Diario de Sesiones de *la* Convención Constituyente 2613 (ed. Conmemorativa 2003)).

En ese sentido, me satisface que se haya superado la pregunta de ¿quién tiene el poder para qué?, y que nos concentremos en la pregunta clave de ¿qué es lo más conveniente para fortalecer la confianza en el sistema, promover la transparencia, fiscalizar a los funcionarios y promover la participación en quienes recae verdaderamente el Poder, el Pueblo?

Considero que la designación del representante del interés público, por parte del Pleno, equivaldría o, al menos, no se distanciaría lo suficiente del "representante del Tribunal Supremo", lo cual precisamente constituyó una de mis preocupaciones, al momento de recomendar la adopción de una nueva reglamentación.

En consecuencia, opino que sirve mejor al interés público que su representante sea nombrado de forma independiente al poder nominador del Pleno o de la OAT.

En virtud de lo anterior, considero que el Reglamento constituye un significativo paso de avance Asimismo, la introducción de un mandato reglamentario que autorice el procedimiento de selección independiente de un representante del interés público ante la Junta de Subastas fortalece nuestra política pública de promover mecanismos de participación ciudadana informada y constructiva que contribuyan a fortalecer la confianza y la transparencia en la administración pública.

Luis F. Estrella Martínez
Juez Asociado